CORRECTED OPINION

PER CURIAM.
This cause is before this Court upon the petition of the Committee on Standard Jury Instructions in Criminal Cases which has submitted the following recommended amendments to the Florida Standard Jury Instructions in Criminal Cases:
1. The committee recommends an amendment to the instruction on the “cold, calculated and premeditated” aggravating circumstance for capital cases (page 77 of the manual). This instruction is proposed by the committee in response to Jackson v. State, 648 So.2d 85 (Fla.1994). The committee believes the use of the word “and” between “calculated” and “premeditated” makes it clear that there are four independent elements to this aggravating factor and that all four must exist before the aggravating factor may be found.
2. The committee recommends an amendment to instruction 3.01, entitled “Principals,” based on section 777.011, Florida Statutes (1993) (page 32a of the manual). The committee contends that the current jury instruction is both insufficient and erroneous. It is the feeling of the committee that the word “helps” is not sufficiently specific as to some of the ways in which one can be considered a principal. In addition, the current instruction adds a requirement that the defendant “intend to participate actively or by sharing in an expected benefit.” This requirement is found neither in the statute nor in applicable appellate decisions. The intent required is only that the offense be committed. Finally, the committee believes that the requirement that the defendant “knew what was going to happen” requires an element of prescience not generally required for criminal intent. The committee believes that the proposed instruction corrects those current errors in the instruction.
3. The committee recommends an amendment to instruction 2.08, entitled “Verdict” (page 25 of the manual). The committee believes that this instruction gives the jury guidance regarding the consideration of lesser included offenses.
4. The committee recommends an amendment to the instruction entitled “Possession of Burglary Tools” (page 138 of the manual). The committee believes that the current instruction is insufficient since it does not include the requirement set forth in Thomas v. State, 531 So.2d 708 (Fla.1988), that the defendant engage in an overt act toward the commission of the burglary or trespass.
5. The committee recommends amending the “Note to Judge” regarding presumptions of impairment in cases of DUI-Manslaughter (page 71 of the manual), Felony DUI-Prior Convictions (page 280c of the manual), and Felony DUI-Serious Bodily Injury (page 280d of the manual). Further, the committee recommends adding an additional paragraph that permits the jury to consider the presumptions along with any other evidence.
6. The committee recommends a new instruction on “Leaving the Scene of Accident Involving Death or Injury” consistent with our opinion in State v. Mancuso, 652 So.2d 370 (Fla.1995).
7. The committee recommends a new instruction on “Sale of a Substance in Place of a Controlled Substance.” The definition of the word “sell” was included based on Carruthers v. State, 636 So.2d 853, 855 (Fla. 1st DCA), review dismissed, 639 So.2d 981 (Fla.1994).
8. The committee recommends an amendment to the instruction on “Robbery.” As a result of the change in section 812.13(1), Florida Statutes which took effect on October 1, 1992, the committee recommends the addition of the words “or temporarily” in paragraph four after “permanently.”
*213 9. The committee recommends an amendment to instruction 2.05 on Rules of Deliberation (page 155 of the manual). The committee believes that the current language in paragraph eight combines the concept of reasonable doubt with the unrelated admonition instruction concerning sympathy and bias.
10. The committee recommends that the instructions on “Attempted Felony Murder” (pages 58f-g and 58i-j of the manual) be deleted in light of State v. Gray, 654 So.2d 552 (Fla.1995). Aso, the committee recommends placing a “Note to Judge” on pages 58f and 58i of the manual.
The committee received several letters following publication of the recommendations in The Florida Bar News. In light of several comments received following publication of the instruction on the “Cold, Calculated, and Premeditated” aggravating circumstances, the committee made two changes to the instruction. With some technical changes, the amendments recommended by the committee are set forth in the appendix attached to this opinion. We approve for publication the amendments set forth in the appendix. The amendments as set forth in the appendix shall be effective when this opinion becomes final. We wish to express our appreciation to the committee for its continued contribution to the criminal justice system.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
(1)
PENALTY PROCEEDINGS — CAPITAL CASES
F.S. 921.141
[The amendment changes only paragraph 9 of the instruction on aggravating factors. The remainder of the instruction, therefore, has been omitted.]
9. The crime-for-which the defendant-is to be sentenced was committed in a cold; calculated and premeditated manner- without any pretense of moral or legal justification. — In-order for you to-consider this -aggravating factor, you must find the murder was-cold, and calculated,- and premeditated, and that there was-no pretense of-moral-or legal justification. “Cold” means the-murder was the-product of calm and cool reflection. — “Calculated” means the defendant had a careful plan or prearranged design to commit the murder. “Premeditated” means the defendant exhibited a higher degree of premeditation than that-which is normally required-in a premeditated murder. A “pretense of moral or legal justification” is-any claim of justification or excuse that, though-insufficient to-reduce the degree of homicide, nevertheless-rebuts the otherwise cold and calculating nature of the homicide. The crime for which the defendant is to be sentenced was committed in a cold and calculated and premeditated manner, and without any pretense of moral or legal justification.
“Cold” means the murder was the product of calm and cool reflection.
“Calculated” means having a careful plan or prearranged design to commit murder.
[As I have previously defined for you] a killing is “premeditated” if it occurs after the defendant consciously decides to kill. The decision must be present in the mind at the time of the killing. The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the killing. The period of time must be long enough to allow reflection by the defendant. The premeditated intent to kill must be formed before the killing.
However, in order for this aggravating circumstance to apply, a heightened level of premeditation, demonstrated by a substantial period of reflection, is required. *214 A “pretense of moral or legal justification” is any claim of justification or excuse that, though insufficient to reduce the degree of murder, nevertheless rebuts the otherwise cold, calculated or premeditated nature of the murder.
(¾
3.01 PRINCIPALS
F.S. —If-two or more persons help each other [commit] [attempt to commit] a 777.011 crime-and the defendant is one of them,-the defendant is a principal and-must he-treated-as if [he] [she-]-had done all-of the things the-other person or persons-did if the defendant:
—I, Knew what was going to happen,
—¾ Intended to participate actively-or by sharing-in -an expected benefit and
—3r Actually did something by which-[he] [she] intended to help [commit] {attempt to commit]-the crime.
—“Help” means to aid^plan or assist.
If the defendant helped another person or persons [commit] [attempt to commit] a crime, the defendant is a principal and must be treated as if [he] [she] had done all the things the other person or persons did if
L the defendant had a conscious intent that the criminal act be done and
2. the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist or advise the other person or persons to actually [commit] [attempt to commit] the crime.
To be a principal the defendant does not have to be present when the crime is [committed] [or] [attempted.]
See State v. Dene, 533 So.2d 265 (Fla.1988).
(3)
2.08 VERDICT
You may find the defendant guilty as charged in the [information] [indictment] or guilty of such lesser included crime as the evidence may justify or not guilty.
If you return a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt. If you find that no offense has been proven beyond a reasonable doubt, then, of course, your verdict must be not guilty.
Only one verdict may be returned as to [the crime] [each crime] charged. This verdict must be unanimous, that is, all of you must agree to the same verdict. The verdict must be in writing and for your convenience the necessary forms of verdict have been prepared for you. They are as follows (read verdict forms):
(4)
POSSESSION OF BURGLARY TOOLS F.S. 810.06
Before you can find the defendant guilty of Possession of Burglary Tools, the State must prove the following two four elements beyond a reasonable doubt:
*215 Elements 1. (Defendant) had in [his] [her] possession a [tool] [machine] [implement].
2. [(Defendant) had a fully-formed, conscious intenU-that-the [tool] [machine] [implement] would be-used-by-him or someone else to commit a [burglary] [trespass].] intended to use the tool in the commission of a burglary or trespass.
3. (Defendant) intended to commit a burglary or trespass.
4. (Defendant) did some overt act toward the commission of a burglary or trespass.
Any [tool] [machine] [implement] may be a burglary tool depending upon its [use]-[-intended use].
(5)
DUI
Note to Judge: In appropriate cases, an instruction may be given on one or more of the presumptions of impairment established by F.S. 316.1934(2)(a), (2)(b), and (2)(c), as follows:
(2)(a). If you find from the evidence that the defendant had a blood or breath alcohol level of 0.05 percent or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that his or her normal faculties were impaired.
(2)(b). If you find from the evidence that the defendant had a blood or breath alcohol level in excess of 0.05 percent but less than 0.08 percent, you may consider that evidence with other competent evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that his or her normal faculties were impaired; or,
(2)(c). If you find from the evidence that the defendant had a blood or breath alcohol level of 0.08 percent or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcohol to the extent that his or her normal faculties were impaired. However, such evidence may be contradicted or rebutted by other evidence. State-v — Rolle, 560 So.2d-l-154-(499Q-)r
These presumptions may be considered along with any other evidence presented in deciding whether the defendant was under the influence of alcoholic beverages to the extent that his or her normal faculties were impaired.
(6)
LEAVING THE SCENE OF ACCIDENT INVOLVING DEATH OR INJURY F.S. 916.027(1)
Before you can find the defendant guilty of Leaving the Scene of an Accident, the State must prove the following four elements beyond a reasonable doubt:
Elements 1. (Defendant) was the driver of a vehicle involved in an accident resulting in [injury to] [death of] any person.
2. (Defendant) knew or should have known that [he] [she] was involved in an accident.
3. (Defendant) knew or should have known of the [injury to] [death of] the person.
*216 4.a. (Defendant) willfully failed to stop at the scene of the accident or as close to the accident as possible and remain there until [he] [she] had given “identifying information” to the [injured person] [driver] [occupant] or [person attending the vehicle] and to any police officer investigating the accident.
[or]
b. (Defendant) willfully failed to render “reasonable assistance” to the injured person if such treatment appeared to be necessary or was requested by the injured person.
If the state proves that the defendant willfully failed to give any part of the “identifying information” or willfully failed to give reasonable assistance, the state satisfies this element of the offense.
“Identifying information” means name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant’s license or permit to drive.
“Reasonable assistance” includes carrying or making arrangements to carry the injured person to a physician or hospital for medical treatment.
“Willfully” means intentionally and purposely.
Note to Judge: Give a. and/or b. as applicable.
(7)
SALE OF A SUBSTANCE IN PLACE OF A CONTROLLED SUBSTANCE F.S. 817.563
Before you can find (defendant) guilty of Sale of a Substance in Place of a Controlled Substance, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) without legal authority agreed, consented or offered to sell (substance prohibited by 893.03).
2. (Defendant) did sell a different substance in place of (substance prohibited by 893.03).
“Sell” means the actual transfer or delivery of something to another person in exchange for money or something of value.
(8)
ROBBERY F.S. 812.13
Before you can find the defendant guilty of Robbery, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) took the (money or property described in charge) from the person or custody of (person alleged).
2. Force, violence, assault, or putting in fear was used in the course of the taking.
3. The property taken was of some value.
4. The taking was with the intent to permanently or temporarily [deprive (victim) of [his] [her] right to the property or any benefit from it.]
[appropriate the property of (victim) to [his] [her] own use or to the use of any person not entitled to it.]
“In the course of the taking” means that the act occurred prior to, contemporaneous with, or subsequent to the taking of the property and that the act and the taking of the property constitute continuous series of acts or events.
*217 In order for a taking of property to be robbery, it is not necessary that the person robbed be the actual owner of the property. It is sufficient if the victim has the custody of the property at the time of the offense.
The taking must be by the use of force or violence or by assault so as to overcome the resistance of the victim, or by putting the victim in fear so that he does not resist. The law does not require that the victim of robbery resist to any particular extent or that he offer any actual physical resistance if the circumstances are such that he is placed in fear of death or great bodily harm if he does resist. But unless prevented by fear there must be some resistance to make the taking one done by force or violence.
It is also robbery if a person, with intent to take the property from a victim, administers any substance to another so that the victim becomes unconscious and then takes the property from the person or custody of the victim.
In order for a taking by force, violence or putting in fear to be robbery, it is not necessary that the taking be from the person of the victim. It is sufficient if the property taken is under the actual control of the victim so that it cannot be taken without the use of force, violence or intimidation directed against the victim.
The punishment provided by law for the crime of robbery is greater if “in the course of committing the robbery” the defendant carried some kind of weapon. An act is “in the course of committing the robbery” if it occurs in an attempt to commit robbery or in flight after the attempt or commission. Therefore, if you find the defendant guilty of robbery, you must then consider whether the State has further proved those aggravating circumstances and reflect this in your verdict.
If you find that the defendant carried a firearm in the course of committing the robbery, you should find [him] [her] guilty of robbery with a firearm.
If you find that the defendant carried a (deadly weapon described in charge) in the course of committing the robbery and that the (deadly weapon described in charge) was a deadly weapon, you should find [him] [her] guilty of robbery with a deadly weapon.
If you find that the defendant carried a weapon that was not a [firearm] [deadly weapon] in the course of committing the robbery, you should find [him] [her] guilty of robbery with a weapon.
If you find that the defendant carried no firearm or weapon in the course of committing the robbery, but did commit the robbery, you should find [him] [her] guilty only of robbery.
A “firearm” is legally defined as (adapt from F.S. 790.001 as required by allegations).
A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.
A “weapon” is legally defined to mean any object that could be used to cause death or inflict serious bodily harm.
(9)
2.05 RULES FOR DELIBERATION
These are some general rules that apply to your discussion. You must follow these rules in order to return a lawful verdict:
1. You must follow the law as it is set out in these instructions. If you fail to follow the law, your verdict will be a miscarriage of justice. There is no reason for failing to follow the law in this case. All of us are depending upon you to make a wise and legal decision in this matter.
2. This case must be decided only upon the evidence that you have heard from the testimony of the witnesses [and have seen in the form of the exhibits in evidence] and these instructions.
3. This case must not be decided for or against anyone because you feel sorry for anyone, or are angry at anyone.
4. Remember, the lawyers are not on trial. Your feelings about them should not influence your decision in this case.
5. Your duty is to determine if the defendant has been proven guilty or not, in accord with the law. It is the judge’s job to determine a proper sentence if the defendant is found guilty.
*218 6. Whatever verdict you render must be unanimous, that is, each juror must agree to the same verdict.
7. It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited by talking to a lawyer about his testimony.
8. Your verdict should not be influenced by f Feelings of prejudice, bias, or sympathy are-not legally-reasonable-doubts-and -they-should not be discussed by any-of-you in-any way. Your verdict must be based on the evidence, and on the law contained in these instructions.
(10)
Attempted Felony Murder
Note to Judge The instructions on attempted first- and third-degree felony murder have been deleted. See State v. Gray, 654 So.2d 552 (Fla.1995).