694 So.2d 825 (1997)
Geraldo ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-05150.
District Court of Appeal of Florida, Second District.
May 21, 1997.
*826 Nathaniel B. Kidder of Kidder, Gurley & Bennett, P.A., St. Petersburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Judge.
Geraldo Roberts appeals from his judgment and sentence for attempted seconddegree murder, aggravated assault, discharge of a firearm from within a vehicle, and carrying a concealed firearm. He raises three points on appeal, two of which have merit. Roberts correctly argues that the trial court erred in failing to give a complete jury instruction on attempted manslaughter and in using an incorrect scoresheet at sentencing. Thus, we reverse his conviction and sentence for attempted second-degree murder and remand for resentencing for his remaining offenses.
The trial court must instruct a jury completely on all necessarily included offenses, regardless of whether the facts of the case support the instruction. Hayes v. State, 564 So.2d 161 (Fla. 2d DCA 1990). In this case, the trial court was required to give an instruction on attempted manslaughter and on the definitions of justifiable and excusable homicide. See Taylor v. State, 622 So.2d 603 (Fla. 2d DCA 1993) (conviction for attempted second-degree murder with a firearm reversed because trial court failed to give complete instruction on manslaughter). The trial court's failure to give the instructions is fundamental error and can be considered on appeal even though defense counsel did not object to the omission. Rinaldi v. State, 614 So.2d 1197 (Fla. 2d DCA 1993) (conviction for second-degree murder reversed because of trial court's failure to include definition of justifiable homicide as part of manslaughter instruction, even though defendant failed to object). The only exception to this rule is if defense counsel affirmatively agrees to the omission or alteration of the instruction. Armstrong v. State, 579 So.2d 734 (Fla.1991); Abbarno v. State, 654 So.2d 225 (Fla. 5th DCA 1995). Since defense counsel did not affirmatively agree to the omission of the instructions, but only acquiesced in the instructions as given, the exception does not apply. Therefore, we must reverse Roberts' conviction for attempted second-degree murder and remand for a new trial on that charge.
Roberts also correctly argues that the trial court erred in scoring his attempted seconddegree murder conviction as a level nine offense rather than a level eight offense. However, because we must reverse the attempted second-degree murder conviction, the issue is moot.
Accordingly, we affirm Roberts' convictions for aggravated assault, discharge of a firearm from within a vehicle, and carrying a concealed firearm and remand for resentencing as to those offenses. We reverse his conviction for attempted second-degree murder and remand for a new trial solely on that charge.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.