724 So.2d 1230 (1999)
David LARMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1366
District Court of Appeal of Florida, Fifth District.
January 8, 1999.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, J.
In this felony murder case, David Larman appeals his judgment and sentence arguing that the trial court erred in instructing the jury on the law of conspiracy and principals. We affirm.
Mr. Larman was found guilty of committing the crime of felony murder.[1] The trial evidence established that he and David Mills participated in the strangulation/stabbing murder of a 75-year-old woman. The underlying felonies which formed the basis of the felony murder conviction were robbery and kidnapping.
The evidence submitted at trial demonstrated that Mr. Mills knew the victim because she was the mother of a woman whom *1231 he had previously dated. The murder took place in the victim's home after she refused Mr. Mill's request for money. The men tied the victim to a chair with duct tape and then Mr. Mills stabbed her in the neck and strangled her with a dog's leash. After murdering the victim, the men took the victim's car, several pieces of personal property, and her checkbook. The men later negotiated one of the victim's checks. Mr. Larman forged the victim's signature, and Mr. Mills presented the check for payment. The evidence against Mr. Larman included a statement in which he admitted his participation in the robbery but denied any involvement in the strangulation or stabbing of the victim; evidence that after the murder Mr. Larman had driven the victim's car to his mother's home in Georgia; testimony from a handwriting expert that Mr. Larman had forged one of the victim's checks which was negotiated by Mr. Mills; testimony from a fingerprint expert that Mr. Larman's fingerprints were on the duct tape which was found around the victim's legs and mouth; and testimony from Mr. Mills that Mr. Larman had participated in the robbery but that he had done so only because he was told to do so by Mr. Mills and because he was afraid of Mr. Mills.
In this appeal, Mr. Larman raises two claims of error regarding the trial court's jury instruction. However, neither claim was raised below. "Absent a timely objection at trial, an issue concerning jury instructions can be raised on appeal only if fundamental error occurred." Jordan v. State, 707 So.2d 816, 817 (Fla. 5th DCA), approved, 720 So.2d 1077 (Fla.1998). To constitute fundamental error, the error must have been so severe as to have undermined the validity of the trial "to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." State v. Delva, 575 So.2d 643, 645 (Fla.1991)(citing Brown v. State, 124 So.2d 481, 484 (Fla. 1960)). The alleged errors in this case fall far short of this standard.
Mr. Larman first argues that the trial court erred in instructing the jury on the crime of conspiracy.[2] He asserts that the instruction should not have been issued because conspiracy does not qualify as a predicate offense for the crime of first-degree felony murder. See Pugh v. State, 624 So.2d 277 (Fla. 2d DCA 1993). He argues further that the jury may have been misled into believing that a finding of guilt of first-degree felony murder could be premised upon a finding that he was guilty of committing the underlying crime of conspiracy since the trial court issued an instruction on conspiracy. We reject this argument as meritless.
We are unclear as to why a conspiracy instruction was issued in this case since conspiracy was not charged, argued, or included on the verdict form. In any event, it is clear that the trial court did not instruct the jury that conspiracy could form the basis of guilt on the felony murder charge. Rather, the court properly and specifically instructed the jury that Mr. Larman could be found guilty of felony murder if the death of the victim "occurred as a consequence of and while [Mr. Larman] was engaged in the commission of the kidnapping or robbery." Also, the conspiracy instruction was not issued in conjunction with the felony murder instruction. Under these circumstances, the trial court's conspiracy instruction was not reversible error.
Mr. Larman also argues that the trial court improperly instructed the jury on the law of principals,[3] contending the court erred in utilizing an amended Standard Jury Instruction which became effective after the date the instant murder was committed. He maintains that this error was fundamental because it violated his right to be free from ex post facto[4] application of the law. This argument also lacks merit.
At the time Mr. Larman participated in the instant murder, the Florida Standard Jury Instruction on principals stated that a defendant could be found to be a principal in connection with the commission of a crime if he "knew what was going to happen." Standard Jury Instructions in Criminal Cases, 665 So.2d 212 (Fla.1995). Four months after the instant crime was committed the principal *1232 instruction was amended to state that a defendant could be found to be a principal if he had "a conscious intent that the criminal act be done." Id. at 214. See also Hooper v. State, 703 So.2d 1143 (Fla. 4th DCA 1997), rev. denied, 717 So.2d 538 (Fla.1998).
Here, the trial court instructed the jury using the amended jury instruction, informing the jury that Mr. Larman could be found to be a principal to the crimes of robbery and kidnapping if he had a "conscious intent that the criminal act be done." No objection was raised to this instruction. Thereafter, during deliberations, the jury asked the court for a definition of "intent as applied to the principals." The court, upon agreement of both the prosecutor and defense counsel, answered the question by telling the jury that "there is no special meaning other than what you would use in your common, everyday speaking." However, the court further instructed the jury that the dictionary definition of intent is "a state of mind in which a person seeks to accomplish a given result through a course of action." Although the trial court instructed the jury using the 1995 amended instruction instead of the original instruction, the court later gave the jury the dictionary definition of intent which encompasses the concept of principal set forth in the original instruction.
Moreover, even if the trial court had not corrected the instruction by answering the jury's question, no ex post facto violation occurred in this case. The 1995 amended instruction is merely a refinement of the original instruction which more accurately defines the elements of principal liability. There has been no substantive change in the law of principals. See Hooper, 703 So.2d at 1148 (Farmer, J., concurring in result).
Mr. Larman's only defense to the instant crime was that Mr. Mills coerced him into participating in these crimes because he was afraid that Mr. Mills would hurt him if he refused. Thus, Mr. Larman admitted his involvement in the underlying crimes of robbery and kidnapping but claimed innocence on the basis of duress or coercion. At the same time, the trial evidence clearly established Mr. Larman's participation in the robbery of the victim since he had admitted to the police that he was present in the victim's home during the murder and that he had placed the duct tape on the victim's hands, he was found to be in possession of the victim's car at the time of his arrest one month after the murder, and he had forged one of the victim's checks. Clearly, any confusion regarding the principal instruction did not contribute to the verdict in this case since Mr. Larman's active participation in the robbery was not in dispute.
JUDGMENT and SENTENCE AFFIRMED.
GRIFFIN, C.J., and DAUKSCH, JJ., concur.
NOTES
[1] § 782.04(1)(a)2, Fla. Stat. (1995).
[2] § 777.04(3), Fla. Stat. (1995).
[3] § 777.011, Fla. Stat. (1995).
[4] Art. 1, § 10, Fla. Const.