831 So.2d 235 (2002)
Lawrence T. HANKERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-1107.
District Court of Appeal of Florida, First District.
October 30, 2002.
Rehearing Denied December 4, 2002.
Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender; Michael J. Minerva, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Anne C. Toolan, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
Appellant, Lawrence T. Hankerson, appeals from a conviction and sentence for second-degree murder. He raises two issues on appeal: I. Whether the trial court erred in denying his request for a curative instruction and mistrial where remarks made by the prosecutor during closing argument *236 were fairly susceptible of being interpreted as referring to defendant's failure to testify and as an impermissible attempt to shift the burden of proof from the prosecution to the defense, and II. whether the trial court's erroneous instruction as to a lesser included offense was confusing and misleading and thereby deprived appellant of the opportunity of being found guilty of a lesser offense. We find merit as to the second issue and reverse and remand for a new trial. Accordingly, we do not reach the first issue.
On July 6, 1999, Ja'Vari Glover, an infant, bled to death from internal injuries caused by multiple sustained violent blows to his abdominal wall; death occurred in a matter of hours from the onset of injury. The night before Ja'Vari died, he was in the care of his mother, Ciara Williams, and her boyfriend, the appellant. The appellant was charged with second-degree murder, in violation of section 782.04(2), Florida Statutes. The age of the victim was not included in the charging document.
During the charge conference, defense counsel requested an instruction on the lesser included offense of manslaughter and opposed an instruction on aggravated manslaughter. The court overruled the defense objection and instructed the jury on aggravated manslaughter of a child as follows:
The lesser crimes indicated in the definition of second-degree murder [are] aggravated manslaughter and culpable negligence. Before you can find the defendant guilty of manslaughter, the State must prove the following two elements beyond a reasonable doubt. One, Ja'vari Glover is dead; two, the defendant A) intentionally caused the death of the victim; B) caused the death of the victim by culpable negligence; C) Ja'Vari Glover was under the age of 18.
We determine that the trial court erred in giving an instruction on aggravated manslaughter and that the instruction as read was incorrect.
Aggravated manslaughter of a child, proscribed by section 782.07(3), Florida Statutes, is not a necessarily lesser included offense of second-degree murder. Section 782.07(3) reads in pertinent part,
A person who causes the death of any person under the age of 18 by culpable negligence ... commits aggravated manslaughter of a child....
For this subsection to apply, the victim must be under the age of 18 years. The Information in this case did not specify the victim's age. Absent the appropriate allegation in the Information, the jury should not have been instructed on aggravated manslaughter. See Ray v. State, 403 So.2d 956, 961 (Fla.1981).
In addition, the instruction read by the trial court indicated that the intent to cause the death of the victim was an element of aggravated manslaughter. Section 782.07(3) contains no such requirement and specifically states that the necessary causation element is culpable negligence. During deliberations the jury asked the following question:
For aggravated manslaughter to apply the defendant must intentionally cause the death of the victim. The conditions for second-degree murder do not seem to contain the word intentional. Is intent necessary for the second-degree murder to apply?
The court responded that the jurors would have to rely on the instructions already given. It is apparent from the jury's question that insertion of the additional element of intent in the lesser included offense instruction confused the jury. The instructions as given effectively precluded the jury from returning a not guilty verdict *237 on any lesser included offense. The jury was also not given the opportunity to consider the appropriate lesser included offense of simple manslaughter which the defense had requested.
Appellee suggests that the challenge to the wording of the instruction was not preserved for appeal. In Reed v. State, 783 So.2d 1192 (Fla. 1st DCA 2001), we recognized that the total failure to instruct on a necessary element of a crime was reviewable despite a lack of proper preservation of error because it constitutes fundamental error. Without instruction on a necessary element, a person could be found guilty of a crime absent sufficient proof of each and every element. The addition of an element regarding a lesser included offense is the inverse situation and equally taints the underlying fairness of the entire proceeding. Fundamental error in a criminal case is error that reaches down into the validity of the trial itself. See Reed, 783 So.2d at 1196. In this case, the jury may not have returned a verdict as to a lesser included offense because it found there was insufficient proof of intent to kill. The jurors' question indicated that they were influenced by the inappropriate instruction. Under these circumstances, no further preservation was required.
The conviction for second-degree murder is reversed, and the case is remanded for a new trial.
VAN NORTWICK and POLSTON, JJ., concur.