NORTHCUTT, Chief Judge.
 

 Oscar Ray Bolin, Jr., challenges his conviction for second-degree murder on two bases. We affirm the denial of Bolin’s motion to inspect grand jury testimony without further comment. Nevertheless, we must reverse for a new trial because the trial court did not properly instruct the jury on a lesser included offense.
 

 One morning in January 1986 a jogger discovered the body of a young woman, Natalie Holley, near a Tampa roadside. She had been stabbed at least eight times. On August 1, 1990, a grand jury indicted Bolin for first-degree murder, robbery with a weapon, and kidnapping in connection with Ms. Holley’s death. Bolin was twice tried and convicted of those charges, but his convictions were overturned by the Florida Supreme Court.
 
 Bolin v. State,
 
 796 So.2d 511 (Fla.2001);
 
 Bolin v. State,
 
 642 So.2d 540 (Fla.1994).
 

 Before this third trial, the State entered a nolle prosequi on the kidnapping and robbery charges and proceeded only on the charge of first-degree premeditated murder. § 782.04(1)(a)(1), Fla. Stat. (1985). At the ensuing trial, the court instructed the jury on first-degree premeditated murder and the lesser included offenses of second-degree murder and manslaughter. The jury convicted Bolin of second-degree murder.
 

 Bolin challenges the manslaughter instruction given by the court. Manslaughter is a necessarily lesser included offense of premeditated first-degree murder.
 
 See Rayl v. State,
 
 891 So.2d 1052, 1055 (Fla. 2d DCA 2004). Courts are required to instruct the jurors on necessarily lesser included offenses.
 
 State v. Wimberly,
 
 498 So.2d 929, 932 (Fla.1986).
 

 Unlike the instruction on a permissive lesser included offense, the instruction on a necessarily lesser included offense must be given regardless of the facts of the case.
 
 Roberts v. State,
 
 694 So.2d 825, 826 (Fla. 2d DCA 1997). Still, the standard instruction for manslaughter requires the court to tailor the instruction to the case. As set forth in both the manslaughter statute, § 782.07, and in the standard jury instruction, the crime can be committed in three ways: by act, by procurement, or by culpable negligence. Thus, at the time of Ms. Holley’s death, the Florida Standard Jury Instruction on manslaughter read as follows:
 

 MANSLAUGHTER
 

 F.S. 782.07
 

 Before you can find the defendant guilty of manslaughter, the state must prove the following elements beyond a reasonable doubt.
 

 Elements
 

 1. (Victim) is dead.
 

 2. The death was caused by the
 

 
 *430
 

 (a) act of (defendant).
 

 (b) procurement of (defendant).
 

 (c) culpable negligence of (defendant).
 

 (Emphases supplied.) The instructions directed the court to
 
 “[g]ive 2(a), (b) or (c) depending upon allegations and proof.”
 
 (emphasis supplied.)
 
 See Fla. Bar re: Standard Jury Instructions Criminal Cases,
 
 477 So.2d 985, 992 (Fla.1985).
 

 Florida law distinguishes between voluntary manslaughter, which is committed by act or procurement, and involuntary manslaughter, committed by culpable negligence. Whereas voluntary manslaughter is a crime of intent, involuntary manslaughter is not.
 
 See Taylor v. State,
 
 444 So.2d 931, 934 (Fla.1983). Thus, in 1986, when Ms. Holley was killed, it was clear that when the charged crime involved intent, as does premeditated first-degree murder, the lesser included offense instruction would have to include voluntary manslaughter.
 
 See id.
 
 Moreover, in Bo-lin’s case a voluntary manslaughter instruction was also supported by the fact that the victim had suffered multiple wounds, a fact that also precluded the possibility that the victim’s death was caused by negligence.
 

 Given both the allegations of the indictment and the proof at Bolin’s trial, the court was required to instruct the jury on manslaughter by act. It did not. Instead, the court instructed the jury that it could find Bolin guilty of manslaughter if it determined, among other things, “that the death of Natalie Holley was caused by the
 
 culpable negligence
 
 of Oscar Ray Bolin.” (Emphasis supplied.) The court then defined culpable negligence for the jurors. Bolin raised no objection to this instruction.
 

 Bolin asserts the court committed fundamental error when it failed to instruct the jurors on manslaughter by act, the only type of voluntary manslaughter that could apply in this case.
 
 [1]
 

 Reed v. State,
 
 837 So.2d 366, 370 (Fla.2002) (citing
 
 Castor v. State,
 
 365 So.2d 701 (Fla.1978) for the proposition that “[instructions ... are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred”). The failure to give a complete instruction on manslaughter is fundamental error when a defendant is convicted of a greater offense that is not more than one step removed, such as second-degree murder.
 
 State v. Lucas,
 
 645 So.2d 425, 427 (Fla.1994).
 
 [2]
 
 Although Bolin was charged with premeditated first-degree murder, the jury convicted him of second-degree murder. The court’s failure to properly instruct the jury on voluntary manslaughter, a crime one step removed from the crime for which the jury convicted Bolin, was fundamental and per se reversible error.
 
 See Lucas,
 
 645 So.2d at 427;
 
 State v. Abreau,
 
 363 So.2d 1063 (Fla.1978);
 
 Cox v. State,
 
 618 So.2d 291 (Fla. 2d DCA1993).
 

 The error was compounded by the court’s instruction on culpable negligence manslaughter, which was misleading in the
 
 *431
 
 context of Bolin’s trial. The definition of culpable negligence that the court read to the jurors states: “Each of us has a duty to act reasonably toward others. If there is a violation of that duty,
 
 without any conscious intention to harm,
 
 that violation is negligence.”
 
 In re Standard Jury Instructions,
 
 477 So.2d at 992 (emphasis supplied).
 
 [3]
 
 In the absence of an instruction on manslaughter by act, the jurors essentially were told that they could convict Bolin of manslaughter only if they found he acted “without any conscious intention to harm.” Given the extent of Ms. Holley’s wounds, no evidence at trial supported that possibility.
 

 Fundamental error occurs when a jury instruction contains an incorrect definition of a disputed element of a crime.
 
 See McCain v. State,
 
 995 So.2d 1029, 1034 (Fla. 2d DCA 2008) (citing
 
 Reed,
 
 837 So.2d 366). Here, the disputed issues were whether Bolin was the perpetrator and, if so, whether he acted with premeditation. Negligence simply was not at issue in this case.
 

 Similar fundamental error occurred in
 
 Reed v. State,
 
 531 So.2d 358 (Fla. 5th DCA 1988). Reed was charged with and convicted of second-degree murder. The trial court instructed the jury only on the lesser included offense of manslaughter by intentional act, although the evidence could have supported the lesser included offense of culpable negligence manslaughter. The Fifth District reversed, stating that an “instruction [must] be sufficiently complete and accurate so that it does not mislead the jury and negate the defendant’s theory of defense.”
 
 Id.
 
 at 360. We agree, and we likewise reverse Bolin’s conviction for second-degree murder and remand for a new trial.
 

 Because Bolin will be tried once again, we briefly address the ever-evolving Florida Standard Jury Instructions on manslaughter. We previously have set forth the 1985 instructions applicable at the time the crime was committed. On appeal, Bo-lin contends the court should have given the revised manslaughter instructions approved in 1994. These would have instructed the jurors that the State must prove that Bolin “intentionally caused the death” of Ms. Holley and that “[i]n order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death.”
 
 See Standard Jury Instructions in Criminal Cases (93-1),
 
 636 So.2d 502, 506 (Fla.1994). A sidebar to the instruction notes that the clarification of an “intentional act” is to be given “only if 2(a) alleged and proved,
 
 and
 
 manslaughter is being defined as a lesser included offense of first degree premeditated murder.”
 
 [4]
 

 Id.
 

 The 1994 instruction is merely a refinement of the instruction in effect when the charged crime occurred. Further, it more accurately describes the offense, the statutory definition of which has not changed since 1986. Therefore, we agree with Bo-lin that the more accurate instruction should be given at his retrial.
 
 Cf. Carpenter v. State,
 
 785 So.2d 1182, 1198 n. 1 (Fla.2001) (remarking that defendant had not argued on appeal whether the new or the old jury instruction should have been given);
 
 Larman v. State,
 
 724 So.2d 1230, 1232 (Fla. 5th DCA 1999) (noting that the
 
 *432
 
 defendant was not prejudiced when the court gave a more refined, more accurate instruction that was enacted four months after the crime was committed).
 

 We further note that the placement of the language clarifying intentional act manslaughter was moved in the 2006 amendment to the manslaughter instruction.
 
 In re Standard Jury Instructions in Criminal Cases-No. 2006-1,
 
 946 So.2d 1061 (Fla.2006). But the language of the instruction is the same as in the 1994 instruction that Bolin advocates.
 

 Finally, when the court instructed the jury on manslaughter at the trial below, it failed to repeat the instruction on justifiable and excusable homicide, which it had previously given in connection with the first-degree murder charge. On retrial, the court must also read this definition in connection with the lesser included manslaughter instruction.
 
 See Pignataro v. State,
 
 834 So.2d 965 (Fla. 2d DCA 2003);
 
 see also Beckham v. State,
 
 884 So.2d 969 (Fla. 1st DCA 2004).
 

 Affirmed in part, reversed in part, and remanded.
 

 FULMER and SILBERMAN, JJ., Concur.
 

 [1]
 

 . On appeal, Bolin argues that manslaughter by act was the only appropriate lesser included instruction. We note that if the court had given instructions on both culpable negligence manslaughter and manslaughter by act, we would find no error.
 
 See Roberts, 694
 
 So.2d at 825 (noting that facts need not support a necessarily lesser included offense instruction).
 

 [2]
 

 . The only exception to this rule is when the defense affirmatively agrees to an incomplete instruction.
 
 Lucas,
 
 645 So.2d at 427. That exception does not apply in this case.
 
 See also Roberts,
 
 694 So.2d at 826 (noting that mere acquiescence to instructions as given is not an affirmative agreement to the instruction).
 

 [3]
 

 . This language remains, unchanged, in the present standard jury instruction, Fla. Std. Jury Instr. (Crim.) 7.7.
 

 [4]
 

 . We also note that the 2002 schedule of lesser included offenses for first-degree murder lists only voluntary manslaughter, not involuntary manslaughter, as a necessarily lesser included offense to premeditated first-degree murder.
 
 See
 
 Fla. Std. Jury Instr. (Crim.) 7.2 (Mar. 2004).