34 So.3d 51 (2010)
Carl LEGGETT, Jr., Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D09-740.
District Court of Appeal of Florida, Third District.
March 10, 2010.
Carl Leggett, Jr., in proper person.
Bill McCollum, Attorney General, and Heidi Milan Caballero, Assistant Attorney General, for respondent.
Before COPE, GERSTEN and SUAREZ, JJ.
PER CURIAM.
This is a petition for writ of habeas corpus which we treat as a timely petition alleging ineffective assistance of appellate counsel under Florida Rule of Appellate Procedure 9.141(c). Defendant-petitioner Carl Leggett, Jr., was charged with second-degree murder and was convicted as charged. This court affirmed his direct appeal without opinion. Leggett v. State, 961 So.2d 951 (Fla. 3d DCA 2007).
In the petition now before us, the defendant argues that his appellate counsel was ineffective for failing to raise a claim of fundamental error in the giving of the standard jury instruction on manslaughter by intentional act. The jury was instructed on manslaughter by intentional act as a lesser included offense.[*]
This court has held that there is no fundamental error in the giving of this standard jury instruction. Valdes-Pino v. State, 23 So.3d 871 (Fla. 3d DCA 2009). The Valdes-Pino panel followed Zeigler v. State, 18 So.3d 1239 (Fla. 2d DCA 2009), and certified direct conflict with Montgomery v. State, ___ So.3d ___ (Fla. 1st DCA 2009), review granted, 11 So.3d 943 (Fla. 2009). See also Bonilla v. State, 23 So.3d 1256 (Fla. 3d DCA 2009) (certifying direct conflict with Montgomery). Accordingly, we deny the petition but certify direct conflict with Montgomery.
Petition denied; direct conflict certified.
COPE, J. (specially concurring).
Because this court has decided Valdes-Pino v. State, 23 So.3d 871 (Fla. 3d DCA 2009), and Bonilla v. State, 23 So.3d 1256 (Fla. 3d DCA 2009), I agree that we must deny the petition and certify direct conflict with Montgomery v. State, ___ So.3d ___ (Fla. 1st DCA 2009), review granted, 11 So.3d 943 (Fla.2009).
In my view, however, the First District decisions in Montgomery and Hankerson v. State, 831 So.2d 235, 236-37 (Fla. 1st DCA 2002), are correct.
The State charged the defendant with second-degree murder, alleging that he shot victim Lequisha Charles during an argument. The case went to the jury in February 2006. The court gave the standard jury instruction on second-degree murder, and the lesser included offenses of manslaughter by intentional act, and manslaughter by culpable negligence. The defense made no objection to the giving of these jury instructions. The defendant was convicted of second-degree murder as charged.
The defendant maintains that, as worded, these instructions actually require a lower level of culpability to be convicted of the greater offensesecond-degree murderand a higher degree of culpability to *52 be convicted of the lesser offense  manslaughter by intentional act. The instructions stated, in part:
SECOND DEGREE MURDER
To prove the crime of Second Degree Murder, the State must prove the following three elements beyond a reasonable doubt:
1. That Lequisha Charles is dead, and
2. That the death was caused by the criminal act of Carl Leggett, and
3. That there was an unlawful killing of Lequisha Charles by an act imminently dangerous to another and demonstrating a depraved mind without regard for human life.
....
In order to convict of Second Degree Murder, it is not necessary for the State to prove the Defendant had an intent to cause death.
....
MANSLAUGHTER
Before you can find the Defendant guilty of Manslaughter, as a lesser included offense of Second Degree Murder, the State must prove the following two elements beyond a reasonable doubt:
1. That Lequisha Charles is dead, and

2. That
a. Carl Leggett intentionally caused the death of Lequisha Charles, or

b. The death of Lequisha Charles was caused by the culpable negligence of Carl Leggett.
....
In order to convict of Manslaughter by intentional act, it is not necessary for the State to prove that the Defendant had a premeditated intent to cause death.
(Emphasis added).
Item 2.a of the manslaughter instruction states that the defendant "intentionally caused the death of [the victim]." The First District has concluded that fundamental error occurs in this situation because, as worded, the instruction on manslaughter by intentional act tells the jury that this lesser included offense is applicable only if the defendant intentionally caused the death of the victim. Hankerson, 831 So.2d at 236-37. By contrast, the standard jury instruction on the greater crime, second-degree murder, states that "it is not necessary for the State to prove the Defendant had an intent to cause death."
The First District ruled that under these instructions, the jury was "not given the opportunity to consider the appropriate lesser included offense of simple manslaughter which the defense had requested." Id. at 237. The First District stated that although there had been no objection to the wording of the manslaughter instruction in the trial court, the defendant was nonetheless entitled to relief because the error constituted fundamental error. Id.; see also Montgomery, ___ So.3d at ___ _ ___ (following Hankerson). The anomaly here is that proof of more culpable conduct (intention to cause death) was required in order to obtain the benefit of the lesser included offense.
At the conclusion of the instruction, the jury was told that the State need not prove "that the Defendant had a premeditated intent to cause death." (Emphasis added). This wording indicates, for a second time, *53 that an intent to cause death (although not a premeditated intent) must be shown.[1]
The defendant's point is well taken. These instructions are confusing on a disputed issue in the defendant's case. Were it not for this court's decisions in Valdes-Pino and Bonilla, the defendant should be granted relief.
This court has followed the Second District decision in Zeigler v. State, 18 So.3d 1239 (Fla. 2d DCA 2009). Respectfully, the Zeigler panel lost sight of the basic question: Do the jury instructions clearly inform the jury, in understandable terms, of the elements of second-degree murder and manslaughter by act? The First District got it right. The Zeigler analysis is unpersuasive.
In conclusion, I concur because this panel is bound by our earlier decisions in Valdes-Pino and Bonilla.[2]
NOTES
[*] The case went to the jury in February 2006.
[1] Under the standard jury instructions in effect in 2006, this particular part of the manslaughter instruction was only supposed to be given where the main charge was first-degree murder and not, as here, where the main charge was second-degree murder. See In re Standard Jury Instructions in Criminal Cases (93-1), 636 So.2d 502, 506 (Fla. 1994); Bolin v. State, 8 So.3d 428, 431 (Fla. 2d DCA 2009).
[2] In 2008 the Florida Supreme Court clarified the manslaughter standard jury instruction 7.7 (manslaughter) as follows:

In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death. See Hall v. State, 951 So.2d 91 (Fla. 2d DCA 2007).
In re Standard Jury Instructions in Criminal CasesReport No. 2007-10, 997 So.2d 403, 403 (Fla.2008). However, the accompanying instruction to the judge still provides that this instruction is to be given only where the defendant is charged with first-degree premeditated murder and the jury is to be instructed on manslaughter by intentional act as a lesser included offense. It does not apply where, as here and in Hankerson, the main charge against the defendant is second-degree murder, not first-degree premeditated murder.