[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12239
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-21050-DLG

PRINCELIN JOSEPH,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 30, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Princelin Joseph, a Florida prisoner serving a life sentence for second-degree

murder, attempted second-degree murder, and use of a firearm during a felony,

appeals pro se the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. We granted a certificate of appealability on the issue whether the district court complied with *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), when it failed to address Joseph's claim that the trial court erred in its jury instruction about manslaughter. We affirm.

In our review of the denial of a petition for a writ of habeas corpus, we review questions of law and mixed questions of law and fact *de novo*. *Prevatte v. French*, 547 F.3d 1300, 1302 (11th Cir. 2008). We consider only the issue presented in the certificate of appealability. *Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1180 (11th Cir. 2010). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In *Clisby*, we held that, when a district court fails to address any claim in a petition for a writ of habeas corpus, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." 960 F.2d at 938. We defined a "claim for relief" as "any allegation of a constitutional violation." *Id*. at 936. In this context, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475, 480 (1991).

2

Instead, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68, 112 S. Ct. at 480.

The district court did not err under *Clisby*. Joseph's assertion that the trial court erred when it instructed the jury that intent to kill was an element of the lesser-included crime of manslaughter did not allege a federal constitutional claim. Joseph alleged instead that the trial court erred as a matter of state law. *State v. Montgomery*, 39 So. 3d 252, 255 (Fla. 2010) (holding that "the crime of manslaughter by act does not require that the State prove that the defendant intended to kill the victim"). Joseph's petition did not mention any provision of federal law or any federal standard. He argued that the jury instruction "caused fundamental error" and "tainted the underlying fairness of the entire proceeding," but those arguments addressed matters of state law. Under Florida law, in the absence of an objection at trial, jury instructions may be challenged on appeal only if fundamental error occurred, *Lane v. State*, 867 So. 2d 539, 541 (Fla. Dist. Ct. App. 2004), which Florida law describes as error that "reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error," *Reed v. State*, 837 So. 2d 366, 370 (Fla. 2002) (internal quotation marks omitted). Florida courts have described as fundamental error the erroneous addition of an element for a lesser-included offense in a jury instruction because it "taints the underlying fairness of the entire

3

proceeding." *Hankerson v. State*, 831 So. 2d 235, 237 (Fla. Dist. Ct. App. 2002). The Supreme Court has explained that "the fact that [a jury] instruction was allegedly incorrect under state law is not a basis for habeas relief." *Estelle*, 502 U.S. at 71–72, 112 S. Ct. at 482.

We affirm the denial of Joseph's petition.

**AFFIRMED.**