636 So.2d 502 (1994)
STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES (93-1).
No. 82438.
Supreme Court of Florida.
May 5, 1994.
Fredricka Greene Smith, Chair, The Committee on Standard Jury Instructions in Criminal Cases, Miami, Florida, for petitioner.
Bernie McCabe, State Atty., and Joseph M. Walker, III, Asst. State Atty., Sixth Judicial Circuit, Clearwater, and Stephen Krosschell, Valrico.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions (Criminal) has submitted recommended amendments to the Florida Standard Jury Instructions in Criminal Cases as follows:
1. The committee recommends an amendment to standard jury instruction 3.04(b) (page 38 of the manual) regarding proceedings in insanity cases. The committee believes that the amended instruction more accurately reflects the procedures established in Florida Rule of Criminal Procedure 3.217.
2. The committee recommends a new instruction on insanity  psychotropic medication which is required by Florida Rule of Criminal Procedure 3.215(c)(2). See Rosales v. State, 547 So.2d 221 (Fla. 3d DCA 1989).
3. The committee recommends a new set of instructions on attempted murder and manslaughter because of its belief that an instruction integrating elements of attempt with the elements of murder is more understandable than reading the standard instruction on attempt to commit a crime together with the instruction on murder.[1]
Following publication of the recommendations in The Florida Bar News, the committee received two letters concerning its proposed amendments. As a result of one of these letters, the committee amended its recommendation with respect to attempted first-degree felony murder. As a result of the other letter, the committee amended its recommendation with respect to attempted voluntary manslaughter, and in order to maintain consistency also proposed a new instruction on manslaughter.
*503 With certain technical changes, the amendmendments recommended by the committee are set forth in the appendix attached to this opinion. We approve for publication the amendments set forth in the appendix. However, we caution all interested persons that the notes and comments reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The amendments as set forth in the appendix shall be effective when this opinion becomes final. We wish to express our appreciation to the committee for its dedication in presenting to the Court its recommendations.
It is so ordered.
GRIMES, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.

APPENDIX

 1. The wording of the last sentence
 of instruction 3.04(b) (page 38
 of the manual) is changed as
 follows:
 I canmust conduct
 additionalfurther proceedings
 to determine if hethe defendant
 should be committed to a mental
 hospital, or given other
 outpatient treatment or
 2. New instruction on Insanity 
 INSANITY  PSYCHOTROPIC
 MEDICATION
 Note to Judge: Give, if requested by defendant,
 at the beginning of trial in the
 charge to the jury.
 (Defendant) is currently being
 administered psychotropic
 medication under medical
 supervision for a mental or
 emotional condition.
 Psychotropic medication is any
 drug or compound affecting the
 mind or behavior, intellectual
 functions, perception, moods, or
 emotion and includes
 anti-psychotic, anti-depressant,
 anti-manic and anti-anxiety
 drugs.
 3. New instructions on attempted
 murder and manslaughter:
 INTRODUCTION TO ATTEMPTED
 HOMICIDE
 Note to Judge Read in all attempted murder and
 attempted manslaughter cases.
 In this case (defendant) is
 accused of (crime charged).
 Give degrees as applicable Attempted murder in the first
 degree includes the lesser
 crimes of attempted murder in
 the second degree, attempted
 murder in the third degree and
 attempted voluntary
 manslaughter, all of which are
 unlawful.
 An attempted killing that is
 excusable or was committed by
 the use of justifiable deadly
 force is lawful.
 If you find that there was an
 attempted killing of (victim) by
 (defendant), you will then
 consider the circumstances
 surrounding the attempted
 killing in deciding if it was
 attempted first degree murder,
 or attempted second degree
 murder, or attempted third
 degree murder, or attempted
 voluntary manslaughter, or
 whether the attempted killing
 was excusable or resulted from
 justifiable use of deadly force.
 JUSTIFIABLE ATTEMPTED HOMICIDE
 The attempted killing of a human
 being is justifiable and
 lawful if necessarily done while
 resisting an attempt to
 murder or commit a felony upon
 the defendant, or to
 commit a felony in any dwelling
 house in which the defendant
 was at the time of the killing.
 EXCUSABLE ATTEMPTED HOMICIDE
 The attempted killing of a human
 being is excusable and
 therefore lawful under any one
 of the three following
 circumstances:
 1. When the attempted killing is
 committed by accident and
 misfortune in doing any lawful
 act by lawful means with
 usual ordinary caution and
 without any unlawful intent, or

*504
 2. When the attempted killing occurs
 by accident or misfortune
 in the heat of passion, upon any
 sudden and sufficient
 provocation, or
 3. When the attempted killing is
 committed by accident and
 misfortune resulting from a
 sudden combat, if a dangerous
 weapon is not used and the
 attempted killing is not done in
 a cruel and unusual manner.
 Definition "Dangerous weapon" is any weapon
 that, taking into account
 the manner in which it is used,
 is likely to produce death or
 great bodily harm.
 I now instruct you on the
 circumstances that must be
 proved before defendant may be
 found guilty of attempted murder
 or any lesser included crime.
 ATTEMPTED MURDER  FIRST DEGREE
 (PREMEDITATED) F.S. 782.04(1)(a)
 and 777.04
 Before you can find the defendant
 guilty of Attempted First
 Degree Premeditated Murder, the
 State must prove the
 following three elements beyond
 a reasonable doubt:
 Elements 1. The defendant did some act
 intended to cause the death of
 (victim) that went beyond just
 thinking or talking about it.
 2. Defendant acted with a
 premeditated design to kill
 (victim).
 3. The act would have resulted in the
 death of (victim) except
 that someone prevented the
 defendant from killing (victim)
 or [he] [she] failed to do so.
 Definition A premeditated design to kill
 means that there was a conscious
 decision to kill. The decision
 must be present in the
 mind at the time the act was
 committed. The law does not
 fix the exact period of time
 that must pass between the
 formation of the premeditated
 intent to kill and the act.
 The period of time must be long
 enough to allow reflection
 by the defendant. The
 premeditated intent to kill must
 be formed before the act was
 committed.
 The question of premeditation is a
 question of fact to be
 determined by you from the
 evidence. It will be sufficient
 proof of premeditation if the
 circumstances of the attempted
 killing and the conduct of the
 accused convince you
 beyond a reasonable doubt of the
 existence of premeditation
 at the time of the attempted
 killing.
 It is not an attempt to commit
 first degree premeditated
 murder if the defendant
 abandoned the attempt to commit
 the offense or otherwise
 prevented its commission under
 circumstances indicating a
 complete and voluntary
 renunciation of [his] [her]
 criminal purpose.
 ATTEMPTED FELONY MURDER  FIRST
 DEGREE F.S. 782.04(1)(a) and
 777.04
 Before you can find the defendant
 guilty of Attempted First
 Degree Felony Murder, the State
 must prove the following
 two elements beyond a reasonable
 doubt:
 Elements
 Give 1a if defendant is 1. a. [(Defendant) did some overt
 actual perpetrator act, which could have caused the
 death of (victim), but did not.]
 Give 1b if defendant is b. [Some person other than
 actual perpetrator (defendant) did some specific,
 not overt act which could have
 caused the death of (victim) but
 did not; but both (defendant)
 and the person who did the
 specific overt act were
 principals in the commission of
 (crime alleged).]
 Give 2a, 2b, or 2c as 2. The act was committed as a
 applicable consequence of and while
 a. [the defendant was engaged in
 the commission of (crime
 alleged).]
 b. [the defendant was attempting to
 commit (crime alleged).]

*505
 c. [the defendant, or an
 accomplice, was escaping from
 the immediate scene of (crime
 alleged).]
 In order to convict of attempted
 first degree felony murder, it
 is not necessary for the State
 to prove that the defendant
 had a premeditated design or
 intent to kill.
 It is not an attempt to commit
 first degree felony murder if
 the [defendant] [person who
 committed the specific overt
 act] abandoned the attempt to
 commit the offense or otherwise
 prevented its commission under
 circumstances indicating
 a complete and voluntary
 renunciation of [his] [her]
 criminal purpose.
 Notes to Judge 1. Define the crime alleged. If
 burglary, also define the crime
 that was the object of burglary.
 2. If 1b is given, immediately give
 principal instruction (3.01 on
 page 32a).
 ATTEMPTED SECOND DEGREE MURDER
 F.S. 782.04(2) and 777.04
 Before you can find the defendant
 guilty of Attempted Second
 Degree Murder, the State must
 prove the following two
 elements beyond a reasonable
 doubt.
 Elements 1. (Defendant) intentionally
 committed an act which would have
 resulted in the death of
 (victim) except that someone
 prevented (defendant) from killing
 (victim) or [he] [she] failed
 to do so.
 2. The act was imminently dangerous
 to another and evincing a
 depraved mind regardless of
 human life.
 Definitions An act is "imminently dangerous to
 another and evincing a
 depraved mind regardless of
 human life," if it is an act or
 series of acts that:
 1. a person of ordinary judgment
 would know is reasonably
 certain to kill or do serious
 bodily injury to another, and
 2. is done from ill will, hatred,
 spite or an evil intent, and
 3. is of such a nature that the act
 itself indicates an indifference
 to human life.
 In order to convict of attempted
 second degree murder, it is
 not necessary for the State to
 prove the defendant had a
 premeditated intent to cause
 death.
 It is not an attempt to commit
 second degree murder if the
 defendant abandoned the attempt
 to commit the offense or
 otherwise prevented its
 commission under circumstances
 indicating a complete and
 voluntary renunciation of [his]
 [her] criminal purpose.
 ATTEMPTED VOLUNTARY MANSLAUGHTER
 F.S. 782.07 and 777.04
 Before you can find the defendant
 guilty of Attempted Voluntary
 Manslaughter, the State must
 prove the following
 element beyond a reasonable
 doubt:
 Element 1. (Defendant) committed an act [or
 procured the commission of
 an act], which was intended to
 cause the death of (victim)
 and would have resulted in the
 death of (victim) except that
 someone prevented (defendant)
 from killing (victim) or [he]
 [she] failed to do so.
 However, the defendant cannot be
 guilty of attempted voluntary
 manslaughter if the attempted
 killing was either excusable
 or justifiable as I have
 previously explained those
 terms.
 It is not an attempt to commit
 manslaughter if the defendant
 abandoned the attempt to commit
 the offense or otherwise
 prevented its commission under
 circumstances indicating a
 complete and voluntary
 renunciation of [his] [her]
 criminal purpose.

*506
 Give only if procurement To "procure" means to persuade,
 is alleged and proven induce, prevail upon or cause a
 person to do something.
 Give if attempted In order to convict of attempted
 manslaughter is being voluntary manslaughter it is
 defined as a lesser not necessary for the State to
 included offense of prove that the defendant had a
 attempted first degree premeditated intent to cause
 premeditated murder death.
 Notes to Judge In the event of any reinstruction
 on attempted voluntary
 manslaughter, the instructions
 on justifiable and excusable
 attempted homicide as previously
 given on page 61 should
 be given at the same time.
 Hedges v. State, 172 So.2d 824
 (Fla. 1965).
 There is no crime of attempted
 involuntary manslaughter (i.e.,
 manslaughter by culpable
 negligence. See Taylor v. State,
 444 So.2d 931 (Fla. 1983)).
 MANSLAUGHTER F.S. 782.07
 Before you can find the defendant
 guilty of Manslaughter, the
 State must prove the following
 two elements beyond a
 reasonable doubt:
 Elements 1. (Victim) is dead.
 Give 2(a), (b) or (c) 2. [Defendant]
 depending upon
 allegations and proof
 (a) intentionally caused the death
 of (victim).
 (b) intentionally procured the
 death of (victim).
 (c) The death of (victim) was
 caused by the culpable
 negligence of (defendant).
 However, the defendant cannot be
 guilty of manslaughter if
 the killing was either
 justifiable or excusable
 homicide as I have previously
 explained those terms.
 Give only if 2(b) alleged To "procure" means to persuade,
 and proved. induce, prevail upon or and
 cause a person to do something.
 Give only if 2(c) alleged I will now define "culpable
 and proved. negligence" for you. Each of us
 has a duty to act reasonably
 toward others. If there is a
 violation of that duty, without
 any conscious intention to
 harm, that violation is
 negligence. But culpable
 negligence is more than a
 failure to use ordinary care
 toward others.
 In order for negligence to be
 culpable, it must be gross and
 flagrant. Culpable negligence is
 a course of conduct showing
 reckless disregard of human
 life, or of the safety of
 persons exposed to its dangerous
 effects, or such an entire
 want of care as to raise a
 presumption of a conscious
 indifference to consequences, or
 which shows wantonness or
 recklessness, or a grossly
 careless disregard of the safety
 and welfare of the public, or
 such an indifference to the
 rights of others as is
 equivalent to an intentional
 violation of such rights.
 The negligent act or omission must
 have been committed with
 an utter disregard for the
 safety of others. Culpable
 negligence is consciously doing
 an act or following a course
 of conduct that the defendant
 must have known, or reasonably
 should have known, was likely to
 cause death or great
 bodily injury.
 Give only if 2(a) alleged In order to convict of
 and proved, and manslaughter by intentional act,
 manslaughter is being it is not necessary forthe State
 defined as a lesser to prove that the defendant had
 included offense of first a premeditated intent to cause death.
 degree premeditated murder.

*507
 Notes to Judge In the event of any reinstruction
 on manslaughter, the instructions
 on justifiable and excusable
 homicide as previously
 given on page 61 should be given
 at the same time.
 Hedges v. State, 172 So.2d 824
 (Fla. 1965).
 In appropriate cases, an
 instruction on transferred intent
 should be given.

NOTES
[1] The committee noted that it had great difficulty in drafting an instruction on attempted felony murder which incorporated the language in Amlotte v. State, 456 So.2d 448 (Fla. 1984). In fact, the committee observed that a majority of its members were persuaded by the dissenting opinion in that case that there could be no such crime as attempted felony murder. Recognizing, however, that its function was not to change existing law, the committee submitted a proposed instruction for that crime.