PETERSON, Judge.
Marcus Duncan appeals his conviction for second degree murder alleging he is entitled to a new trial because the trial court’s manslaughter instruction to the jury was fundamentally flawed.
We agree with Duncan that the trial court erred by merging the instructions for voluntary and involuntary manslaughter. The instruction for voluntary manslaughter should not have been given because Duncan was only charged with second degree murder. It is only when manslaughter is being defined as a lesser included offense of first degree premeditated murder that the instruction for voluntary manslaughter is to be given. Standard Jury Instructions in Criminal Cases (93-1), 636 So.2d 502, 503-504 (Fla.1994).
Although the trial court erred by merging the two types of manslaughter, no objection was made at trial and the error was not fundamental. In State v. Delva, 575 So.2d 643 (Fla.1991), the supreme court observed that:
[I]t is an inherent and indispensable requisite of a fair and impartial trial ... that a defendant be accorded the right to have a court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence. Instructions, however, are subject to the contemporaneous objection rule, and absent an objection at trial, can be raised on appeal only if fundamental error occurred .... Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal.
575 So.2d 643, 644-45 (citations omitted). In the instant case, an erroneous instruction was given. However, the error was not objected to, and it was not fundamental because the erroneous instruction related to the element of intent which is not in issue. There was no question that appellant intentionally committed an act which caused the death of the victim. Further, the jury was never deprived of its pardon power; it could have *1071 just as easily found appellant did not act with a depraved mind in shooting the victim, but rather had only acted with culpable negligence. Cf State v. Abreau, 363 So.2d 1063 (Fla.1978).
Duncan also objects to the probation order requiring him to make a payment to First Step, Inc., and to maintain full-time employment. We strike the provision for the First Step payment because Duncan’s offense took place on August 9,1994 and legislative authorization for requiring payments to First Step, Inc., was not made until July 1, 1995. Bruce v. State, 687 So.2d 1322 (Fla. 5th DCA 1997); Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994). The employment condition should require Duncan only to actively seek gainful employment. Armstrong v. State, 620 So.2d 1120 (Fla. 5th DCA 1993).
The conviction for second degree mürder is affirmed, but we remand for correction of the probation order.
CONVICTION AFFIRMED; REMANDED.
GRIFFIN, C.J., and GOSHORN, J., concur.