891 So.2d 1052 (2004)
Barry Joseph RAYL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1938.
District Court of Appeal of Florida, Second District.
September 17, 2004.
Rehearing Denied November 8, 2004.
*1053 Beverly A. Pohl and Bruce Rogow of Bruce S. Rogow, P.A., Fort Lauderdale, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Patricia A. McCarthy, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Barry Joseph Rayl appeals the denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he sought discharge or a new trial on his conviction for manslaughter with a firearm based on two claims of ineffective assistance of trial counsel. We affirm because Rayl did not show that his counsel's performance was deficient and that such performance resulted in prejudice.[1]
Rayl was convicted by a jury of second-degree murder with a firearm. Rayl had asserted a self-defense claim at trial because there was evidence showing that the victim had repeatedly threatened Rayl on the day of the shooting and had entered Rayl's place of business stating that he was going to kill Rayl. This court reversed the conviction on direct appeal after concluding that the evidence was insufficient to show that Rayl shot the victim in an act evincing a "depraved mind." See Rayl v. State, 765 So.2d 917, 919 (Fla. 2d DCA 2000). This court concluded that there was no evidence showing that the shooting occurred from ill will, hatred, spite, or an *1054 evil intent. Id. at 919. In reversing the conviction, this court remanded with directions to the trial court to adjudicate Rayl guilty of manslaughter with a firearm and sentence him accordingly. Id. at 920. No motion for rehearing was filed. In accordance with this court's mandate, Rayl was adjudicated guilty of manslaughter with a firearm and sentenced to seventeen years in prison.
Rayl then filed a petition for writ of habeas corpus in this court alleging ineffective assistance of appellate counsel for counsel's failure to have brought Duncan v. State, 703 So.2d 1069 (Fla. 5th DCA 1997), to the attention of the appellate court to preclude resentencing for manslaughter. In Duncan, the appellant challenged a conviction for second-degree murder, arguing that the manslaughter instruction provided to the jury was fundamentally flawed. 703 So.2d at 1070. The Fifth District determined that the appellant's claim was valid but concluded that the error was not fundamental because the erroneous instruction given related to an element of intent, which was not at issue in the case. Id. at 1070. In explaining its conclusion that the manslaughter instruction was flawed, the court stated:
We agree with Duncan that the trial court erred by merging the instructions for voluntary and involuntary manslaughter. The instruction for voluntary manslaughter should not have been given because Duncan was only charged with second degree murder. It is only when manslaughter is being defined as a lesser included offense of first degree premeditated murder that the instruction for voluntary manslaughter is to be given. Standard Jury Instructions in Criminal Cases (93-1), 636 So.2d 502, 503-504 (Fla.1994).
Id. at 1070.
Rayl claimed in his habeas petition that his appellate counsel should have sought rehearing from this court's decision on direct appeal because manslaughter with a firearm was not an available lesser included offense to the second-degree murder charge. Rayl asserted that of the three different ways to commit manslaughter, two were not supported by the evidence because there was no evidence of culpable negligence or procurement. The remaining way, manslaughter by act or voluntary manslaughter, was not a necessary lesser because that crime contained an intent-to-kill element, which was not contained within the information for second-degree murder. Rayl asserted that pursuant to Duncan, voluntary manslaughter is a lesser included offense of first-degree murder, but not second-degree murder and, thus, by failing to raise this issue in a motion for rehearing, appellate counsel was ineffective.
This court denied Rayl's habeas petition without a written opinion. Rayl v. State, 816 So.2d 623 (Fla. 2d DCA 2002) (table). While Rayl's habeas petition was pending, he filed in the trial court his motion for postconviction relief, which is the subject of this appeal. That motion asserted a claim of ineffective assistance of trial counsel on two grounds. First, Rayl claimed that his counsel was ineffective in failing to object to the trial court instructing the jury on the lesser included offense of manslaughter because, under Duncan, voluntary manslaughter is not a necessary lesser included offense of second-degree murder. Second, Rayl asserted that his counsel was ineffective in failing to object to an incomplete instruction for justifiable homicide.
We conclude that the trial court properly rejected both claims. Our reasons for affirming the trial court on the first claim are discussed below. We affirm as to the second claim without comment.
*1055 At trial, the defense attorney requested no lesser included offense instructions. The trial court rejected this request and gave the instruction for manslaughter by act over the defense objection. Rayl asserts that if his attorney had presented the trial court with the Duncan case, the trial court would have been compelled to acquiesce in his request for no lesser included offense instructions. If that had happened, Rayl asserts, this court would not have reversed and remanded with instructions to enter a conviction for manslaughter; instead this court would have remanded with instructions to discharge Rayl.
The trial court held an evidentiary hearing on this claim, and Rayl's trial attorney testified at the hearing that he did not make a tactical decision to not argue Duncan and if he had read Duncan prior to trial, he would have argued it. In rejecting the claim, the trial court first discussed Duncan and the Florida Standard Jury Instructions. The trial court noted that the statements in Duncan relied on by Rayl "are dicta and are not supported by the Standard Jury Instructions in Criminal Cases (93-1), 636 So.2d 502 (Fla.1994), cited in Duncan, or by the prevailing law." The trial court correctly concluded that Duncan misinterprets the "Note to Judge" that appears at the end of the standard instruction on manslaughter and explains when to give the additional instruction that reads: "In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death." The "Note to Judge" explains that this additional instruction is to be given "only if 2(a) [the voluntary manslaughter element] is alleged and proved, and manslaughter is being defined as a lesser included offense of first-degree premeditated murder." Thus, in those cases where the primary offense charged is first-degree murder and manslaughter by intentional act is being submitted to the jury as a lesser included offense, the additional instruction must be given to assist the jury in distinguishing between the elements of first-degree murder and manslaughter. The "Note to Judge" does not prohibit giving an instruction on voluntary manslaughter as a lesser included offense of second-degree murder. In fact, as the trial court observed, manslaughter in all its forms is listed in the jury instructions as a category 1 offense that is necessarily included in the charge of second-degree murder. Thus, the trial court correctly concluded that, contrary to the dicta cited in Duncan, manslaughter is a necessary lesser included offense of second-degree murder. The trial court stated:
[T]he instruction on manslaughter by act was proper, thus, defense counsel's failure to object to the instruction on the basis of Duncan did not constitute a serious and substantial deficiency that is measurably below the standard of competent counsel. Mendyk v. State, 592 So.2d 1076, 1080 (Fla.1992). Moreover, it should be noted that this Court declines to speculate on what course of action the Second District Court of Appeal would have taken had the trial court not instructed the jury on manslaughter by act.
We fully agree with the trial court's conclusions. Rayl has not shown that constitutionally deficient performance can ever arise from defense counsel's failure to argue against a proposed instruction for a standard lesser included offense. Further, trial counsel was not shown to be ineffective for failing to argue Duncan to the trial court because, even if counsel had known of the case, the dicta in Duncan suggesting that manslaughter is not a standard necessary lesser included offense of second-degree murder is an incorrect statement of law, which contradicts precedent from the Florida Supreme Court and this court. See, e.g., Sallas v. State, 61 *1056 Fla. 59, 54 So. 773, 774 (1911) (stating that the offense of murder in the second degree includes manslaughter); Pena v. State, 829 So.2d 289, 295, 295 (Fla. 2d DCA 2002) (stating that manslaughter is a lesser included offense of and one step removed from second-degree murder).
Counsel's failure to assert a specious argument cannot be equated with constitutionally deficient performance. In addition, Rayl cannot show prejudice arising from his counsel's alleged deficient performance because even if Rayl's trial counsel had presented Duncan to the trial court, such action would not have affected this court's authority to direct the trial court to adjudicate Rayl guilty of manslaughter on remand pursuant to section 924.34, Florida Statutes (2000). Accordingly, Rayl's motion for postconviction relief was properly denied.
Affirmed.
KELLY and WALLACE, JJ., Concur.
NOTES
[1] See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).