939 So.2d 1052 (2006)
IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES (NO. 2005-5).
No. SC05-1622.
Supreme Court of Florida.
September 28, 2006.
The Honorable Terry David Terrell, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, First Judicial Circuit, Pensacola, Florida, the Honorable Dedee S. Costello, Past Chair, Fourteenth Judicial Circuit, Panama City, Florida, John F. Harkness, Jr., Executive Director, the Florida Bar, and Les Garringer, Office of State Courts Administrator, Tallahassee, Florida, for Petitioner.
Michael Ufferman of Michael Ufferman, P.A., Tallahassee, Florida, and Paula S. Saunders, Assistant Public Defender, Tallahassee, Florida, for the Florida Association of Criminal Defense Lawyers; and William J. Sheppard of Sheppard, White, Thomas and Kachergus, P.A., Jacksonville, Florida, Opponents, responding with comments.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions for use in criminal cases and asks the Court to authorize their publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Committee's report explains that its proposed amendments are intended to address certain changes in the law pertaining to the criminal defense of insanity in Florida.
In 1999, the Florida Legislature enacted section 775.051, Florida Statutes, which made a defendant's voluntary intoxication inadmissible to show that the defendant lacked the specific intent to commit an offense or that he was insane at the time of the offense. See ch. 99-174, Laws of Fla. In 2000, the Legislature enacted section 775.027, Florida Statutes, which became law on June 19, 2000. The section provides that the "defendant has the burden of proving the defense of insanity by clear and convincing evidence." § 775.027(2), Fla. Stat. (2005). It defines insanity as "a mental infirmity, disease, or defect" that results in the defendant's being unable to "know what he or she was doing or its consequences" or unable to "know that what he or she was doing was wrong." § 775.027(1), Fla. Stat. (2005).
In response to these changes in the law, the Committee, in December 2003, published proposed amendments to the insanity defense jury instructions. It received two comments. The Committee revised its proposed amendments to address some of the concerns raised by the comments.
On September 6, 2005, the Committee filed a petition with this Court to amend criminal jury instructions 3.6(a) (insanity), 3.6(b) (insanity with hallucinations), and 3.6(d) (voluntary intoxication).[1]
Upon consideration of the Committee's proposed amendments and the comments filed, we hereby authorize the publication and use of the instructions at issue as submitted by the Committee, with minor modifications, and as set forth in the appendix attached to this opinion.[2] In doing so, we express no opinion on the correctness of these instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of these instructions. We further caution all interested parties that the comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final. New language is indicated by underlining, and deletions are indicated by struck-through type.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

APPENDIX

3.6(a) INSANITY
An issue in this case is whether (defendant) was insane when the crime allegedly was committed.
A person is considered to be insane when:
1. [He] [She] had a mental infirmity, disease, or defect.
2. Because of this condition
a. [he] [she] did not know what [he] [she] was doing or its consequences or
b. although [he] [she] knew what [he] [she] was doing and its consequences, [he] [she] did not know it was wrong.
Give if applicable.
A defendant who believed that what [he] [she] was doing was morally right is not insane if the defendant knew that what [he] [she] was doing violated societal standards or was against the law.
All persons are presumed to be sane. However, if the evidence causes you to have a reasonable doubt concerning the defendant's sanity, then the presumption of sanity vanishes and the State must prove beyond a reasonable doubt that the defendant was sane. The defendant has the burden of proving the defense of insanity by clear and convincing evidence. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief, without hesitation, about the matter in issue.
In determining the issue of insanity, you may consider the testimony of expert and nonexpert witnesses. The question you must answer is not whether the defendant is insane today, or has ever been insane, but simply ifwhether instead the defendant was insane at the time the crime allegedly was committed.
Give if applicable.
Unrestrained passion or ungovernable temper is not insanity, even though the normal judgment of the person is be overcome by passion or temper.
Give if applicable.
If the evidence establishes that the defendant had been adjudged insane by a court, and has not been judicially restored to legal sanity, then you should assume the defendant was insane at the time of commission of the alleged crime, unless the evidence convinces you otherwise.
If you find that (defendant) committed the crime but have a reasonable doubt that [he] [she] was sane at that time you find by clear and convincing evidence that the defendant was insane, then you should find [him] [her] not guilty by reason of insanity.
If your verdict is that the defendant is not guilty by reason of insanity because insane, that does not necessarily mean [he] [she] will be released from custody. I must conduct further proceedings to determine if the defendant should be committed to a mental hospital, or given other outpatient treatment or released.

Comment
If drugs or alcohol are involved, see Cirack v. State, 201 So. 2d 706 (Fla. 1967).
This instruction was adopted in 1981 [431 So. 2d 600], and was amended in 1986 [483 So. 2d 428], and 1994 [636 So. 2d 502], and 2006.

3.6(b) INSANITY  HALLUCINATIONS
Give only for offenses occurring before June 19, 2000. See section 775.027, Florida Statutes.
An issue in this case is whether (defendant) was insane when the crime allegedly was committed.
A person is considered to be insane when:
1. The person had a mental infirmity, disease, or defect.
2. Because of this condition, the person had hallucinations or delusions which caused the person to honestly believe to be facts things that are not true or real.
The guilt or innocence of a person suffering from such hallucinations or delusions is to be determined just as though the hallucinations or delusions were actual facts. If the act of the person would have been lawful had the hallucinations or delusions been the actual facts, the person is not guilty of the crime.
All persons are presumed to be sane. However, if the evidence causes you to have a reasonable doubt concerning the defendant's sanity, then the presumption of sanity vanishes and the State must prove beyond a reasonable doubt that the defendant was sane.
In determining the issue of insanity, you may consider the testimony of expert and nonexpert witnesses. The question you must answer is not whether the defendant is insane today, or has ever been insane, but simply if the defendant was insane at the time the crime allegedly was committed.
Give if applicable.
Unrestrained passion or ungovernable temper is not insanity, even though the normal judgment of the person be overcome by passion or temper.
Give if applicable.
If the evidence establishes that the defendant had been adjudged insane by a court, and has not been judicially restored to legal sanity, then you should assume the defendant was insane at the time of commission of the alleged crime, unless the evidence convinces you otherwise.
If you find that (defendant) committed the crime but have a reasonable doubt that [he] [she] was sane at that time, then you should find [him] [her] not guilty by reason of insanity.
If your verdict is that the defendant is not guilty by reason of insanity because insane, that does not necessarily mean [he] [she] will be released from custody. I must conduct further proceedings to determine if the defendant should be committed to a mental hospital, or given other outpatient treatment or released.

Comment
If voluntary intoxication is raised by the defense, see 3.6(d). This instruction was adopted July 1997 [697 So. 2d 84], and amended 2006.

3.6(d) VOLUNTARY INTOXICATION
Give only for offenses occurring before October 1, 1999. See section 775.051, Florida Statutes.
A defense asserted in this case is voluntary intoxication by use of [alcohol] [drugs].
The use of [alcohol] [drugs] to the extent that it merely arouses passions, diminishes perceptions, releases inhibitions, or clouds reason and judgment does not excuse the commission of a criminal act.
However, where a certain mental state is an essential element of a crime, and a person was so intoxicated that [he] [she] was incapable of forming that mental state, the mental state would not exist and therefore the crime could not be committed.
As I have told you, [the intent to (specific intent charged)] [premeditated design to kill] [(other mental state)] is an essential element of the crime of (crime charged).
Therefore, if you find from the evidence that the defendant was so intoxicated from the voluntary use of [alcohol] [drugs] as to be incapable of forming [the intent to (specific intent charged)] [premeditated design to kill] [(other mental state)], or you have a reasonable doubt about it, you should find the defendant not guilty of (crime charged).
Give when other applicable crimes are general intent crimes.
Voluntary intoxication is not a defense to (lesser included crimes) (crimes charged in additional counts).

Comment
This instruction was adopted May 1987 [508 So. 2d 1221], and amended in 2006.
NOTES
[1] The Committee inadvertently attached the earlier versions of its proposals and not the versions the Committee agreed to submit. These earlier versions were published for comment in the December 1, 2005, edition of The Florida Bar News. After comments were filed with the Court, the Committee discovered its mistake, sought permission to amend, and filed an amended report. The appendix to the amended report included the correct versions of the proposed amendments, which addressed concerns expressed by the first commenters. As the differences between the published versions and the versions submitted with the amended report were relatively insignificant, the versions attached to the amended report were not separately published.
[2] With regard to the proposed version of instruction 3.6(a), the Court deleted the citation to Wallace v. State, 766 So. 2d 364 (Fla. 3d DCA 2000). It also deleted the words "or conviction" from the proposed additional language defining the clear and convincing evidence standard to avoid the possibility of confusion with the standard for conviction of a crime, the beyond a reasonable doubt standard. The word "that" was substituted for the word "the" in one portion of the language being stricken, purely for accuracy's sake. In the proposed version of instruction 3.6(b), the Court removed an unnecessary and unmatched parenthesis from a citation. It further underlined the words "by reason of insanity" and struck through the words "because insane" for accuracy's sake. The Court made no changes to the proposed instruction 3.6(d).