LABARGA, J.
 

 The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard criminal jury instructions in criminal cases and asks that the Court authorize those changes. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 The Committee’s proposals include revisions to current standard criminal jury instructions 3.6(a), Insanity, and 12.4, Criminal Mischief, as well as five new instructions: 10.6(a), Discharging a Firearm from a Vehicle Within 1000 Feet of a Person; 12.6, Offenses Against Computer Users (sections 815.06(1) and 815.06(2)(c), Florida Statutes); 12.7, Offenses Against Computer Users (sections 815.06(1) and (2)(b), Florida Statutes); 12.8, Offenses Against Computer Users (section 815.06(3), Florida Statutes); and 21.8, Tampering with or Fabricating Physical Evidence.
 

 The Committee published its proposals in the April 15, 2009, edition of
 
 The Florida Bar News.
 
 Upon consideration of the proposals and the comments received, we hereby authorize for publication and use instructions 10.6(a), 12.6, 12.7, and 12.8, with minor modifications as discussed below. Instructions 12.4 and 21.8 are hereby authorized as proposed. However, we decline to authorize the proposed amendment to instruction 3.6(a).
 

 New standard criminal jury instruction 10.6(a), derived from section 790.15(2), Florida Statutes (2009), instructs on the offense of Discharging a Firearm from a Vehicle Within 1000 Feet of a Person. We modify the Committee’s proposal by adding a definition for “knowingly,” an element of the offense under subsection (2). Consistent with standard criminal jury instruction 10.6, Discharging a Firearm in Public, “knowingly” is defined for purposes of instruction 10.6(a) as “with full knowledge and intentionally.”
 

 The Committee also proposes new jury instructions 12.6, 12.7, and 12.8, in light of section 815.06, Florida Statutes (2009), defining distinct “Offenses Against Computer Users.” Instruction 12.7 defines “property” because section 815.06(2)(b) includes as an alternative element that the defendant, having engaged in certain proscribed conduct, “did so for the purpose of devising or
 
 *566
 
 executing any scheme or artifice to defraud or obtain property.” We modify the definition of “property” by removing reference to section 812.011, repealed by the Legislature in 1977. Ch. 77-342, § 16, Laws of Fla. “Property,” for purposes of computer-related crimes under chapter 815, Florida Statutes (2009), is now defined in section 815.03(11), and includes, while not limited to, the following: financial instruments; information, including electronically produced data and computer software and programs in either machine-readable or human-readable form; and any other tangible or intangible item of value. We strike the definition of “property” included in instruction 12.8, however, as the offense to which the instruction pertains,
 
 see
 
 section 815.06(3), does not require as an element or otherwise reference the term “property.” In addition, the definition for “knowingly” has been added to instructions 12.6,12.7, and 12.8.
 
 [1]
 

 Finally, the Committee proposes an amendment to instruction 3.6(a) that would include a note to trial courts with citation to
 
 Eierle v. State,
 
 458 So.2d 442 (Fla. 3d DCA 1984), and offer a brief commentary. We decline to amend instruction 3.6(a) in light of the following facts. First, the proposal remains controversial between Committee members, reflected by a seven-to-five vote in favor of the proposal. Second, the Committee fails to offer a basis for the amendment that was not in existence previously when the Court amended instruction 3.6(a) in 1986, 1994, and 2006.
 
 See In re Standard Jury Instructions in Criminal Cases (No.2005-5),
 
 939 So.2d 1052 (Fla.2006);
 
 Standard Jury Instructions in Criminal Cases (93-1),
 
 636 So.2d 502 (Fla.1994) (instruction previously numbered 3.04);
 
 In re Standard Jury Instructions in Criminal Cases,
 
 431 So.2d 600 (Fla.1982) (same). In those earlier cases, the Committee did not seek the amendment to the insanity instruction now at issue.
 

 Having considered the Committee’s report and comments, we hereby authorize the publication and use of the instructions as they appear in the attached appendix.
 
 [2]
 
 In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to them correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.
 

 
 *567
 
 APPENDIX
 

 10.6(a) DISCHARGING A FIREARM FROM A VEHICLE WITHIN 1,000 FEET OF A PERSON
 

 § 790.15(2), Fla. Stat.
 

 To prove the crime of Discharging a Firearm from a Vehicle Within 1,000 Feet of a Person, the State must prove the following two elements beyond a reasonable doubt:
 

 1. (Defendant) was an occupant of a vehicle.
 

 2. (Defendant) knowingly and willfully discharged a firearm from that vehicle within 1,000 feet of any person.
 

 Definitions
 

 § 790.001(6), Fla. Stat.
 

 A “firearm” is legally defined as any weapon, including a starter gun, which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. [The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime.]
 
 See § 790.001(1), Fla. Stat., for the definition of “antique firearm” and § 790.001 (If), Fla. Stat., for the definition of “destructive device. ”
 

 “Knowingly” means with full knowledge and intentionally.
 

 “Willfully” means intentionally and purposely.
 

 Lesser Included Offenses
 

 No lesser included offenses have been identified for this offense.
 

 Comment
 

 This instruction was adopted in 2010.
 

 12.4 CRIMINAL MISCHIEF
 

 § 806.1S(l)-(2), Fla. Stat.
 

 To prove the crime of Criminal Mischief, the State must prove the following three elements beyond a reasonable doubt:
 

 1. (Defendant) injured or damaged [real] [personal] property, (copy from charge),
 

 2. The property injured or damaged belonged to (person alleged).
 

 3. The injury or damage was done willfully and maliciously.
 

 Give if applicable.
 

 Among the means by which property can be injured or damaged under the law is the placement of graffiti on it or other acts of vandalism to it.
 

 Definitions
 

 “Willfully” means intentionally, knowingly, and purposely.
 

 “Maliciously” means wrongfully, intentionally, without legal justification or excuse, and with the knowledge that injury or damage will or may be caused to another person or the property of another person.
 

 Degrees. Give as applicable.
 

 The punishment provided by law for the crime of criminal mischief is greater depending upon the value of the property damaged. Therefore, iflf you find the defendant guilty of criminal mischief, you must determine by- your verdict whether the State proved beyond a reasonable doubt that:
 

 a. [Tthe damage to the property was $1,000 or greater.]
 
 *568
 
 [Bby reason of the damage, there was an interruption or impairment of a business operation or public communication, transportation, supply of water, gas or power, or other public service which cost $1,000 or more in labor and supplies to restore.]
 

 b. [Tthe damage to the property was greater than $200 but less than $1,000.]
 

 c. [Tthe damage to the property was $200 or less.]
 

 d. [the property damaged was a church, synagogue, mosque, or other place of worship or any religious article contained therein].
 

 e. [the defendant has previously been convicted of criminal mischief].
 

 § 806.13(5)(a), Fla. Stat.
 

 The amounts of value of damage to property owned by separate persons, if the property was damaged during one scheme or course of conduct, may be aggregated in determining the total value.
 

 Lesser Included Offenses
 

 CRIMINAL MISCHIEF — 806.13(l)(b)l CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
 

 None_
 

 Attempt 777.04(1) 5.1
 

 _CRIMINAL MISCHIEF — 806.13(l)(b)2_ CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
 

 Criminal mischief_806.13(l)(b)l 12,4 -
 

 Attempt 777.04(1) 5.1
 

 _CRIMINAL MISCHIEF — 806.13(l)(b)3_
 

 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
 

 Criminal mischief_806.13(l)(b)l 12,4_
 

 Criminal mischief_806.13(l)(b)2 12.4_
 

 Attempt_777.04(1)51
 

 Comment
 

 It is error to inform the .jury of a prior criminal mischief conviction. Therefore, if the information or indictment contains an allegation of one or more prior criminal mischief convictions, do not read the allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of criminal mischief, the historical fact of a previous criminal mischief conviction shall be determined beyond a reasonable doubt in a bifurcated proceeding.
 
 State v. Harbaugh,
 
 754 So.2d 691 (Fla.2000).
 

 This instruction was adopted in 1981 and amended in 1992 and 2010.
 

 12.6 OFFENSES AGAINST COMPUTER USERS
 

 § 815.06(1), (2)(c), Fla. Stat.
 

 To prove the crime of Offense against Computer Users, the State must prove the following element beyond a reasonable doubt:
 

 
 *569
 
 (Defendant) willfully, knowingly, and without authorization
 

 Give 1, 2, S, k, or 5 as applicable.
 

 1. [[accessed] [caused to be accessed] any [computer] [computer system] [computer network].]
 

 2. [[disrupted] [denied] [caused the denial of] computer system services to an authorized user of such computer system services, which, in whole or part, is [owned by] [under contract to] [operated [for] [on behalf of] [in conjunction with]] another.]
 

 3. [[destroyed] [took] [injured] [damaged] equipment or supplies [used] [intended to be used] in a [computer] [computer system] [computer network].]
 

 4. [[destroyed] [injured] [damaged] any [computer] [computer system] [computer network].]
 

 5. [introduced any computer contaminant into any [computer] [computer system] [computer network],]
 

 Enhanced Penalty.
 

 If you find the defendant guilty of the crime of Offense Against Computer Users you must then determine, beyond a reasonable doubt, whether the offense endangered human life.
 

 Give if applicable.
 

 This offense does not apply to any person who accesses [his] [her] employer’s computer system, computer network, computer program, or computer data when acting within the scope of [his] [her] lawful employment.
 

 Definitions.
 

 “Access” means to approach, instruct, communicate with, store data in, retrieve data from, or otherwise make use of any resources of a computer, computer system, or computer network.
 

 “Computer” means an internally programmed, automatic device that performs data processing.
 

 “Computer contaminant” means any set of computer instructions designed to modify, damage, destroy, record, or transmit information within a computer, computer system, or computer network without the intent or permission of the owner of the information. The term includes, but is not limited to, a group of computer instructions commonly called viruses or worms which are self-replicating or self-propagating and which are designed to contaminate other computer programs or computer data; consume computer resources; modify, destroy, record, or transmit data; or in some other fashion usurp the normal operation of the computer, computer system, or computer network.
 

 “Computer network” means any system that provides communications between one or more computer systems and its input or output devices, including, but not limited to, display terminals and printers that are connected by telecommunication facilities.
 

 “Computer program or computer software” means a set of instructions or statements and related data which, when executed in actual or modified form, cause a computer, computer system, or computer network to perform specified functions.
 

 “Computer services” include, but are not limited to, computer time; data processing or storage functions; or other uses of a computer, computer system, or computer network.
 

 “Computer system” means a device or collection of devices, including support devices, one or more of which contain
 
 *570
 
 computer programs, electronic instructions, or input data and output data, and which perform functions, including, but not limited to, logic, arithmetic, data storage, retrieval, communication, or control. The term does not include calculators that are not programmable and that are not capable of being used in conjunction with external files.
 

 “Data” means a representation of information, knowledge, facts, concepts, computer software, computer programs, or instructions. Data may be in any form, in storage media or stored in the memory of the computer, or in transit or presented on a display device.
 

 “Knowingly” means with full knowledge and intentionally.
 

 “Willfully” means intentionally and purposely.
 

 Lesser Included Offenses
 

 No lesser included offenses have been identified for this offense.
 

 Comment
 

 This instruction was adopted in 2010,
 

 12.7 OFFENSES AGAINST COMPUTER USERS
 

 § 815.06(2)(b), Fla. Stat.
 

 To prove the crime of Offense Against Computer Users, the State must prove the following two elements beyond a reasonable doubt:
 

 1. (Defendant) willfully, knowingly, and without authorization
 

 Give a, b, c, d, or e as applicable.
 

 a. [[accessed] [caused to be accessed] any [computer] [computer system] [computer network].]
 

 b. [[disrupted] [denied] [caused the denial of] computer system services to an authorized user of such computer system services, which, in whole or part, is [owned by] [under contract to] [operated for] [on behalf of] [in conjunction with] another.]
 

 c. [[destroyed] [took] [injured] [damaged] equipment or supplies [used] [intended to be used] in a [computer] [computer system] [computer network].]
 

 d. [[destroyed] [injured] [damaged] any [computer] [computer system] [computer network].]
 

 e. [introduced any computer contaminant into any [computer] [computer system] [computer network].]
 

 2. (Defendant)
 

 Give a, b, or c as applicable.
 

 a. [damaged [a computer] [computer equipment] [computer supplies] [a computer system] [a computer network] and the monetary damage or loss incurred as a result of the violation was $5,000 or greater.]
 

 b. [did so for the purpose of devising or executing any scheme or artifice to defraud or obtain property.]
 

 c. [interrupted or impaired a [governmental operation or public communication] [transportation or supply of water, gas, or other public service].]
 

 Give if applicable.
 

 This offense does not apply to any person who accesses [his] [her] employer’s computer system, computer network, computer program, or computer data when acting within the scope of [his] [her] lawful employment.
 

 
 *571
 

 Definitions.
 

 “Access” means to approach, instruct, communicate with, store data in, retrieve data from, or otherwise make use of any resources of a computer, computer system, or computer network.
 

 “Computer” means an internally programmed, automatic device that performs data processing.
 

 “Computer contaminant” means any set of computer instructions designed to modify, damage, destroy, record, or transmit information within a computer, computer system, or computer network without the intent or permission of the owner of the information. The term includes, but is not limited to, a group of computer instructions commonly called viruses or worms which are self-replicating or self-propagating and which are designed to contaminate other computer programs or computer data; consume computer resources; modify, destroy, record, or transmit data; or in some other fashion usurp the normal operation of the computer, computer system, or computer network.
 

 “Computer network” means any system that provides communications between one or more computer systems and its input or output devices, including, but not limited to, display terminals and printers that are connected by telecommunication facilities.
 

 “Computer program or computer software” means a set of instructions or statements and related data which, when executed in actual or modified form, cause a computer, computer sys-tern, or computer network to perform specified functions.
 

 “Computer services” include, but are not limited to, computer time; data processing or storage functions; or other uses of a computer, computer system, or computer network.
 

 “Computer system” means a device or collection of devices, including support devices, one or more of which contain computer programs, electronic instructions, or input data and output data, and which perform functions, including, but not limited to, logic, arithmetic, data storage, retrieval, communication, or control. The term does not include calculators that are not programmable and that are not capable of being used in conjunction with external files.
 

 “Data” means a representation of information, knowledge, facts, concepts, computer software, computer programs, or instructions. Data may be in any form, in storage media or stored in the memory of the computer, or in transit or presented on a display device.
 

 “Knowingly” means with full knowledge and intentionally.
 

 “Property” means anything of value as defined in s. 815.03(11) and includes, but is not limited to, financial instruments, information, including electronically produced data and computer software and programs in either machine-readable or human-readable form, and any other tangible or intangible item of value.
 

 “Willfully” means intentionally and purposely.
 

 Lesser Included Offenses
 

 
 *572
 
 OFFENSES AGAINST COMPUTER USERS — 815.06(2)(b) CATEGORY ONE CATEGORY TWO FLA, STAT. INS. NO. Offenses Against_815.06(1)_ Computer Users_ Attempt_777.04(10) 5.1
 

 Comment
 

 This instruction was adopted in 2010,
 

 12.8 OFFENSES AGAINST COMPUTER USERS
 

 § 815.06(3), Fla. Stat.
 

 To prove the crime of Offense Against Computer Users, the State must prove the following element beyond a reasonable doubt:
 

 (Defendant) willfully, knowingly, and without authorization modified equipment or supplies [used] [intended to be used] in a [computer] [computer system] [computer network].
 

 Give if applicable.
 

 This offense does not apply to any person who accesses [his] [her] employer’s [computer system] [computer network] [computer program] [computer data] when acting within the scope of [his] [her] lawful employment.
 

 Definitions.
 

 “Access” means to approach, instruct, communicate with, store data in, retrieve data from, or otherwise make use of any resources of a computer, computer system, or computer network.
 

 “Computer” means an internally programmed, automatic device that performs data processing.
 

 “Computer contaminant” means any set of computer instructions designed to modify, damage, destroy, record, or transmit information within a computer, computer system, or computer network without the intent or permission of the owner of the information. The term includes, but is not limited to, a group of computer instructions commonly called viruses or worms which are self-replicating or self-propagating and which are designed to contaminate other computer programs or computer data; consume computer resources; modify, destroy, record, or transmit data; or in some other fashion usurp the normal operation of the computer, computer system, or computer network.
 

 “Computer network” means any system that provides communications between one or more computer systems and its input or output devices, including, but not limited to, display terminals and printers that are connected by telecommunication facilities.
 

 “Computer program or computer software” means a set of instructions or statements and related data which, when executed in actual or modified form, cause a computer, computer system, or computer network to perform specified functions.
 

 “Computer services” include, but are not limited to, computer time; data processing or storage functions; or other uses of a computer, computer system, or computer network.
 

 “Computer system” means a device or collection of devices, including support devices, one or more of which contain computer programs, electronic instructions, or input data and output data, and
 
 *573
 
 which perform functions, including, but not limited to, logic, arithmetic, data storage, retrieval, communication, or control. The term does not include calculators that are not programmable and that are not capable of being used in conjunction with external files.
 

 “Data” means a representation of information, knowledge, facts, concepts, computer software, computer programs, or instructions. Data may be in any form, in storage media or stored in the memory of the computer, or in transit or presented on a display device.
 

 “Knowingly” means with full knowledge and intentionally.
 

 “Willfully” means intentionally and purposely.
 

 Lesser Included Offenses
 

 No lesser included offenses have been identified for this offense.
 

 Comment
 

 This instruction was adopted in 2010.
 

 21.8 TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE
 

 § 918.13 Fla. Stat.
 

 To prove the crime of [Tampering with] [Fabricating] Physical Evidence, the State must prove the following two elements beyond a reasonable doubt:
 

 1. (Defendant) knew that [a criminal trial or proceeding] [an investigation by a duly constituted [prosecuting authority] [law enforcement agency] [grand jury] [legislative committee]] of this state was [pending] [about to be instituted].
 

 Give 2a or 2b as applicable.
 

 2. a. (Defendant) [altered] [destroyed] [concealed] [removed] any [record] [document] [thing] [item alleged], with the purpose to impair its [verity] [availability] in the [investigation] [proceeding],
 

 b. (Defendant) [made] [presented] [used] any [record] [document] [thing] [item alleged], knowing it to be false.
 

 Lesser Included Offenses
 

 21.5 [TAMPERING WITH] [FABRICATING] PHYSICAL EVIDENCE _918.13_
 

 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO. None_Attempt_777.04(1)51
 

 Comment
 

 This instruction was adopted in 2010.
 

 [1]
 

 . We also modify the Committee’s proposals to instructions 12.6, 12.7, and 12.8 as necessary to conform to proper jury instruction format.
 

 [2]
 

 . The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.