WETHERELL, J.
 

 Appellant raises two issues in this direct appeal of his convictions and sentences for attempted second-degree murder and aggravated assault of a law enforcement officer: 1) that the trial court erred in excluding testimony of his state of mind prior to the offense; and 2) that, based upon the reasoning in Montgomery
 
 [1]
 
 the trial court committed fundamental error in instructing the jury on the lesser included offense of attempted voluntary manslaughter. We affirm the first issue without further comment, and we affirm the second issue for the reasons that follow.
 

 In
 
 Montgomery,
 
 the supreme court held that the standard jury instruction for manslaughter by act was fundamentally erroneous because it required the state to prove that the defendant “intentionally caused the death of (victim)” even though intent to kill was not an element of the offense. 39 So.3d at 256. In
 
 Rushing v. State
 
 ,—So.3d-(Fla. 1st DCA 2010), we concluded that the standard jury instruction for attempted voluntary manslaughter “suffers from the same infirmities as the instruction in
 
 Montgomery.” See also Lamb v. State,
 
 18 So.3d 734 (Fla. 1st DCA 2009) (holding that the trial court committed fundamental error by giving the standard jury instruction for attempted manslaughter by act).
 

 Rushing
 
 and
 
 Lamb
 
 are distinguishable from this case. The standard jury instruction, which was given in those cases, required the state to prove that the defendant “committed an act ... which was
 
 intended to cause the death of (victim)
 
 and would have resulted in the death of (victim) except that someone prevented defendant from killing (victim) or [he][she]
 
 *929
 
 failed to do so.” Fla. Std. Jury Instr. (Crim.) 6.6 (emphasis supplied). The emphasized language, which is nearly identical to the instruction in
 
 Montgomery,
 
 was not part of the instructions given in this case. Rather, the jury was instructed that the state was only required to prove that the defendant committed an act “which would have resulted in the death of [the victim] except that someone prevented [Appellant] from killing [the victim] or he failed to do so.” Thus, unlike the instruction given in
 
 Rushing
 
 and
 
 Lamb,
 
 the instruction in this case did not require proof of an intent to kill for a conviction of the lesser included offense of attempted voluntary manslaughter.
 

 The jury in this case was also instructed that “it is not necessary for the State to prove the defendant had a premeditated intent to cause death.” This portion of the instruction should not have been given because Appellant was not charged with first-degree murder.
 
 See In re Standard Jury Instructions in Criminal Cases (93-1),
 
 636 So.2d 502, 506 (Fla. 1994) (stating that this portion of the instruction should be given when attempted voluntary manslaughter is being defined as a lesser included offense of attempted first-degree premeditated murder). However, the inclusion of this language does not constitute fundamental error because this language is a correct statement of the law and because it does not affirmatively instruct the jury that an intent to kill is necessary for attempted voluntary manslaughter. Although it has been noted that this language in the manslaughter instruction “indicates ...
 
 [2]
 
 that an intent to cause death (although not premeditated intent) must be proven,”
 
 Leggett v. State,
 
 34 So.3d 51 (Fla. 3d DCA 2010) (Cope, J., specially concurring), we conclude that the language,
 
 standing alone,
 
 does not render the instruction as a whole fundamentally erroneous.
 
 See Pensacola Electric Co. v. Bissett,
 
 59 Fla. 360, 52 So. 367, 370 (1910) (“In determining the correctness of charges and instructions, they should be considered as a whole, and if, as a whole, they are free from error, an assignment predicated on isolated paragraphs or portions, which, standing alone, might be misleading, must fail”). Indeed, even with this language, we conclude that it is unlikely that the average juror would have interpreted the instruction given in this case to require proof of an intent to kill in order to find Appellant guilty of attempted voluntary manslaughter. Thus, unlike the juries in
 
 Rushing
 
 and
 
 Lamb,
 
 the jury in this case was not precluded from finding Appellant guilty of the lesser included offense of attempted voluntary manslaughter even though it determined that he did not intend to kill the victim.
 

 In sum, we conclude that the trial court properly instructed the jury on attempted voluntary manslaughter, and any error resulting from the trial court’s instruction that “it is not necessary for the State to prove the defendant had a premeditated intent to cause death” does not constitute fundamental error. Accordingly, we affirm Appellant’s convictions and sentences.
 

 AFFIRMED.
 

 WEBSTER, and MARSTILLER, JJ„ concur.
 

 [1]
 

 .
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla. 2010),
 
 approving, Montgomery v. State,
 
 -So.3d-(Fla. 1st DCA 2009).
 

 [2]
 

 2.
 
 The full quote was that this language indicated "for a second time” that an intent to cause death must be shown. 34 So.3d at 53. The first time was the affirmative instruction that the state must prove that the defendant "intentionally caused the death of [the victim]."
 
 Id.
 
 No such instruction was given in this case, which minimizes any potential confusion resulting from the premeditated intent language.