MARSTILLER, J.
 

 Appellant, Tyree Harris, raises two issues on appeal from his conviction and sentence for attempted second degree murder. He asserts the trial court erred by admitting into evidence certain out-of-court statements made by several prosecution witnesses, and fundamentally erred under
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010), by including the element of intent in the jury instruction on the lesser included crime of attempted voluntary manslaughter. We affirm because we conclude the challenged statements were admissible and the manslaughter instruction did not violate
 
 Montgomery.
 

 At trial, the state’s witnesses included the victim and four eyewitnesses, one of whom is Appellant’s father. All five testified that Appellant fought with the victim, retrieved a firearm from his apartment, shot the victim, and then fled the scene in his car. They identified Appellant in court as the shooter, and all but Appellant’s father testified that shortly after the incident they identified Appellant from a photo lineup. The investigator who responded to the shooting scene also was a prosecution witness, and his testimony included,
 
 inter alia,
 
 statements made to him at the scene by three of the testifying eyewitnesses. The on-scene statements the deputy relayed to the jury were essentially identical to the testimony given by the eyewitnesses. The trial court admitted the out-of-court statements into evidence as prior consistent statements under section 90.801(2)(b), Florida Statutes. Under that provision, an out-of-court statement is not hearsay if the declarant testifies at trial, the statement is consistent with the declarant’s testimony, and the statement is “offered to rebut an express or implied charge ... of improper influence, motive, or recent fabrication.” § 90.801(2)(b), Fla. Stat. (2009).
 

 We agree the statements were not admissible as prior consistent statements because they were not offered for the purposes specified in the statute. But we find the statements were admissible under section 90.801(2)(c) which provides that an out-of-court statement is not hearsay if it is “[o]ne of identification of a person made after perceiving the person” and the declarant testifies and is subject to cross-examination. § 90.801(2)(c), Fla. Stat. (2009).
 
 See Puryear v. State,
 
 810 So.2d 901, 904 (Fla.2002). The record thus provides us a basis to affirm the trial court’s ruling.
 
 See Dade County Sch. Bd. v. Radio Station WQBA,
 
 731 So.2d 638, 644 (Fla.1999).
 

 
 *865
 
 As to Appellant’s claim that the trial court committed fundamental error by including intent in the manslaughter jury instruction, we find this case on all fours with
 
 Griffin v. State,
 
 41 So.3d 927 (Fla. 1st DCA 2010), in which we found no fundamental error. There the court instructed the jury that to prove attempted voluntary manslaughter the state only had to prove “the defendant committed an act ‘which would have resulted in the death of [the victim] except that someone prevented [Appellant] from killing [the victim] or he failed to do so.’ ”
 
 Id.
 
 at 929. We concluded the instruction did not, as did the fatally flawed instruction in
 
 Montgomery,
 
 require proof of intent to kill to convict for attempted voluntary manslaughter.
 
 Id.
 
 But the trial court in
 
 Griffin
 
 also told the jury “ ‘it is not necessary for the State to prove the defendant had a premeditated intent to cause death.’ ”
 
 Id.
 
 Although we found this to be error, the language did not establish intent to kill as an element of the crime
 

 This portion of the instruction should not have been given because Appellant was not charged with first-degree murder.
 
 See In re Standard Jury Instructions in Criminal Cases (93-1),
 
 636 So.2d 502, 506 (Fla.1994) (stating that this portion of the instruction should be given when attempted voluntary manslaughter is being defined as a lesser included offense of attempted first-degree premeditated murder). However, the inclusion of this language does not constitute fundamental error because this language is a correct statement of the law and because it does not affirmatively instruct the jury that an intent to kill is necessary for attempted voluntary manslaughter.
 

 Id.
 

 The jury instruction given in Appellant’s case is virtually identical to that given in
 
 Griffin:
 

 The next lesser included offense is attempted voluntary manslaughter. This is what the state has to prove with regard to this charge: Mr. Harris committed an act which would have resulted in the death of Mr. White except that someone prevented Mr. Harris from killing Mr. White or simply because he failed to do so.
 

 * * *
 

 As with second degree murder, in order for you to convict the defendant of attempted voluntary manslaughter it is not necessary for the state to prove that the defendant had a premeditated intent to cause death.
 

 Based upon our reasoning in
 
 Griffin,
 
 we conclude the trial court in this case did not commit fundamental error in instructing the jury on attempted voluntary manslaughter.
 

 AFFIRMED.
 

 KAHN and ROWE, JJ., concur.